WILLIAM F. KIP, Respondent, *v*. THE CITY OF BUFFALO, Appellant.

Plaintiff's complaint alleged, in substance, these facts: Acting under the authority of the Civil Service Acts (Chap. 354, Laws of 1883; chap. 410, Laws of 1884), the mayor of the city of Buffalo prescribed certain regulations for the admission of persons into the civil service of that city, which were approved by the state civil service commission. One of these regulations provided for the employment by the mayor, upon the recommendation of the civil service commission of the city, of a clerk for said commission. The mayor, in pursuance of said regulation, appointed plaintiff as such secretary, and fixed his salary at $600 per annum. In the estimate which the mayor sent to the comptroller as required by the city charter (§ 3, tit. 5, chap. 519, Laws of 1870), of the amounts required in his department for the ensuing year, he included the item of $1,000 for salaries and expenses of executing the civil service law. The common council, to whom the estimate was sent, reduced this item to $50, and the city refused to pay plaintiff anything for his services. Upon demurrer to the complaint, *held*, that the mayor had power, under said acts, to provide in the regulations for the appointment of a secretary to the commission, and to make the appointment in pursuance of such a regulation; that plaintiff's appointment was for no designated term, but lasted simply during the pleasure of the appointing power; and so, the appointment was not subject to the objection that it was for a longer term than the fiscal year; that the city was liable to plaintiff for an amount which would be a reasonable compensation for his services, but in no case greater than the sum fixed by the mayor and assented to by him; that there being no agreement between the mayor and the common council as to what was a reasonable compensation, that question became one of fact; but that the failure to agree did not absolve the city from its obligation to pay, nor did the right to maintain the action depend upon a prior appropriation by the common council; that plaintiff's remedy was not confined to proceedings by mandamus to compel the common council to agree to the amount fixed by the mayor, or to

decide upon some other and reasonable sum, nor was the plaintiff required to resort to the remedy by indictment to punish individual members of the common council who might willfully or maliciously persist in their refusal to make the necessary appropriation; and that, therefore, the demurrer was properly overruled.

(Argued June 18, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered December 3, 1889, overruling a demurrer to the complaint herein.

This action was brought by plaintiff to recover his salary for six months' services as secretary of the civil service commission of the city of Buffalo, N. Y.

The facts, so far as in this complaint are material, are stated in the opinion.

*Frank C. Laughlin* for appellant. So much of civil service rule III as purports to give the mayor authority to employ a secretary for the civil service commission of Buffalo, and to fix his salary, is void; and section 8 of the Civil Service Law confers no such authority. (Laws of 1884, chap. 410, § 8; *Bird* v. *Mayor, etc.*, 33 Hun, 397–402; Laws of 1883, chap. 35, §§ 1, 3, 8; *Haswell* v. *Mayor, etc.*, 81 N. Y. 255–259; *Kernitz* v. *Long Island City*, 50 Hun, 428; *Hartman* v. *Mayor, etc.*, 23 id. 586; *Baker* v. *City of Utica*, 19 N. Y. 326; *Luddy* v. *Long Island City*, 104 id. 218; *Jones* v. *Mayor, etc.*, 8 M. & W. 605; *Basworth* v. *New Orleans*, 26 La. Ann. 494, 495; *Perry* v. *Vil. of Cheboygan*, 55 Mich. 250; *White* v. *Inhab. of Levant*, 78 Me. 568; *Neiswanger* v. *Kansas*, 71 Mo. 36; *Brazil* v. *McBride*, 69 Ind. 244; *Sikes* v. *Inhab. of Hatfield*, 13 Gray, 347; *Farnsworth* v. *Inhab. of Melrose*, 122 Mass. 268.) The contract of employment was void as being in violation of that provision of the defendant's charter which requires that the estimates shall be itemized, and that any debt contracted in excess thereof shall not be binding upon the city, and that money raised for one purpose shall not be used for another. (16 Abb. [N. C.] 113, 118;

Laws of 1870, chap. 519, § 9; *Hartman* v. *Mayor, etc.*, 23 Hun, 586; *Bird* v. *Mayor, etc.*, 33 id. 396.) The alleged contract of hiring was void as continuing beyond the fiscal year of 1887, and no contract of hiring for the year 1888 is alleged, nor is it alleged that any estimate for civil service expenses, or for such salary, was made for that year. (*R. G. L. Co.* v. *Middleton*, 59 N. Y. 232, 233.)

*Ansley Wilcox* for respondent. The mayor being required by law to employ some one to perform the duties which are imposed by the rules upon the secretary of the commission, was, by necessary implication, authorized to provide for compensating him for such service. (*Wright* v. *Common Council of Buffalo*, 16 Abb. [N. C.] 96, 110; Sedg. on Stat. Law, 92; 1 Kent's Comm. 464, 513; *Steif* v. *Hart*, 1 N. Y. 20, 30; *People ex rel.* v. *Suprs.*, 13 Abb. [N. C.] 421; Dillon on Mun. Corp. § 230.) The charter of the city of Buffalo provides that the common council "shall, by ordinance, establish the salary or compensation to be paid to the several persons elected or appointed under this act." From this the appellant argued that if the authority to "employ" authorized the employment of a secretary, and also contemplated that he should receive compensation for his services, then the common council alone could fix that compensation. This contention is untenable. (Laws of 1870, chap. 519, § 4.) The act of the mayor in employing Mr. Kip and fixing his salary at fifty dollars a month is not invalidated by the omission of the common council to include in the annual estimates for the year 1887 a sufficient sum to pay that salary. (Laws of 1884, chap. 410, § 2; Penal Code, § 117; *Wright Case*, 16 Abb. [N. C.] 114.)

PECKHAM, J. Acting under the authority of the two statutes of this state in regard to the appointment to civil positions in the cities thereof, passed respectively in 1883 and 1884, and known as chapter 354 of the Laws of 1883, and chapter 410 of the Laws of 1884, the mayor of the city of Buffalo prescribed certain regulations for the admission of persons into

the civil service of that city. These regulations were entitled "Rules for admission to the civil service of the City of Buffalo, in pursuance of section 7, chapter 354, Laws of 1883, of the State of New York, as amended," and they were submitted to and approved by the civil service commission of the state. Rule three of such regulations provided, among other things, for the employment by the mayor upon the recommendation of the civil service commission of Buffalo, of a suitable person to act and to be known as secretary of such commission. In September, 1887, the mayor, in accordance with the authority conferred upon him by the two above-mentioned acts, and by virtue of the regulations referred to, and upon the recommendation of such civil service commission of Buffalo, appointed the plaintiff as secretary of the commission, and fixed his salary at $600 per annum, payable in monthly payments. The plaintiff served for six months under such appointment and then resigned.

In accordance with the charter, the mayor had in the meantime sent to the comptroller an estimate of the sums which he regarded as necessary for the proper conduct of his department for the ensuing year, and had included among the items the amount of $1,000 for salaries and expenses of executing the civil service law; the whole sum necessary for the estimated expenses of the department being $7,275. The comptroller sent the estimate to the common council, which reduced the mayor's estimated sum for salaries and expenses of executing the civil service law to $50.

The city has refused to pay the plaintiff anything for his services as secretary. The claim is made on its behalf that the acts of the legislature already referred to, gave the mayor no power to provide by any rule or regulation for the appointment of a secretary to the commission, nor did he have power in any event to make such appointment for a term which continued longer than the fiscal year of the city. It was also contended that the right to be paid depended upon the confirmation by the common council of the estimate made by the mayor, and that if the common council struck out the item in

regard to the salaries and expenses of executing the civil service law, or reduced the amount thereof, the secretary could be paid nothing, or not more than the sum to which such item had been reduced.

In regard to the claim that the mayor had no authority under the Civil Service Acts and the regulations prescribed by him and approved by the state civil service commission of the city to appoint a secretary to the city commission, we are of the opinion that such claim is not well founded. The reasons for this construction of the statute are very clearly given by the learned court in delivering its opinion at Special Term on this branch of the case, and it is sufficent for us to say that we entirely concur in them.

We are of the opinion also that the appointment of the plaintiff was for no designated term, but lasted during the pleasure of the appointing power, and hence the objection that it was for a longer term than the fiscal year of the city, falls to the ground, assuming even that an objection of that kind were a defense to an action for the salary.

But it is insisted that the contract of employment was void because in violation of defendant's charter, which requires, as defendant alleges, that the estimates for each department shall be itemized, and that any debt contracted in any department in excess of the amount appropriated to that special object, or for an object for which no appropriation had been specially made, was not binding on the city, and that money raised for one purpose could not be used for another.

The court at Special Term held that the charter intended that the total sum appropriated to each department by the tax-budget as approved by the common council, might be redistributed in such department by the proper head thereof, so that a sum which was in excess of the amount needed for one itemized purpose might be used for another itemized purpose where the appropriation fell short of the requirements. This could be done so long as the total sum appropriated to the department was not exceeded. It was alleged that at the time of the appointment of plaintiff, there was an excess in

the mayor's department after crediting it with the total sum allotted to it, and charging it with the salaries and fixed sums to be debited thereon, of $395.18, and there remained at the end of the fiscal year a balance of $201.38 to the credit of the department, and it was held that such last-named balance might be used for the purpose of payment upon the contract, although the sum named by the mayor for the salaries and expenses of executing this Civil Service Act was $1,000, and that sum had been reduced by the common council to $50, which was wholly insufficient.

The ground for the right of any recovery in this action is thus seen to depend upon the finding of some balance in the fund for the mayor's department, which had been appropriated by the common council. The court expressly repudiated the claim made on the part of the plaintiff, that the contract of employment was good beyond any balance remaining of the appropriation of the mayor's department which might legally be applied to the payment of the plaintiff. The right to obtain payment for services legally performed would thus to some extent at least depend upon the action of the common council in appropriating money enough to permit of such payment. The prompt execution within the city of Buffalo of a general law of the state, applicable to every city within the terms of the statute, would thus depend a great deal upon the action of the Buffalo common council, and upon the views of its different members as to the necessity or propriety of any expenditures for such purpose, and as to the proper amount of such expenditures.

The construction given by the court below to the charter of the city of Buffalo upon the right of the different departments to re-distribute the funds appropriated to each department within certain limits, may be entirely correct. We express no opinion upon that point.

But we prefer not to rest our decision upon that narrow basis. In such a case as this, where the common council has practically refused to place in the tax-budget any, or a merely nominal sum for carrying out the provisions of the civil serv-

ice law, we believe the city is nevertheless liable to an officer legally appointed under the provisions of the Civil Service Acts, and the regulations properly made in pursuance of such provisions, for an amount which shall be a reasonable compensation for such services, but in no case greater than the sum which may have been fixed by the mayor, and assented to and agreed to be accepted by such appointee. In case the sum estimated by the mayor for the salary of a secretary had been confirmed by the common council, such sum would have been conclusive upon both parties; upon the city because of the power given under the charter to the mayor, if confirmed by the common council, to fix upon an amount for any legal and proper charge in his department, and upon the officer because of his assent to it by taking office. In case no agreement is come to between the mayor and the common council, so that no sum is appropriated for that purpose, or a less sum than that estimated by the mayor, it then becomes a question of fact as to what is a reasonable compensation for the services performed, and that question is to be decided like any other issue of fact in a legal tribunal. A failure between the mayor and common council to agree on any sum cannot and will not absolve the city from its obligation to pay a reasonable compensation for services thus legally rendered by the secretary of the city civil service commission. Nor does the right to sue for compensation depend upon prior appropriation by the common council.

The charter points out a way for raising all sums, which may properly be a charge against the city of Buffalo. This of course includes a charge for the services of a secretary of the commission spoken of, as we hold such a charge to be a legal one against the city. In relation to the enforcement of charges or the raising of moneys for purposes specially provided for under the charter, the provisions of that statute are very probably the only means pointed out for defraying and enforcing such charges or raising such moneys. The charges for the salary of the secretary are not for a purpose specially provided for in the charter, and while that statute points out a

means which the city can avail itself of for raising the necessary moneys, the liability of the city to pay a reasonable sum does not, in the least degree, depend upon the action of its common council in making the appropriation therefor. If it make the appropriation, well and good. If not, the officer can sue the city for the amount due, and may recover a judgment which can be enforced like other judgments against the city. The remedy of the plaintiff is not confined to proceedings by mandamus to compel the common council to agree to the amount estimated by the mayor for the purpose of the payment of his salary, or else to, in good faith, decide upon some other and reasonable sum. The mayor and the common council might, perhaps, differ as to what was a proper amount to fix upon for such purpose, and it would be difficult for the court in such proceedings to name a sum which it should decide to be reasonable. It might also be very difficult to determine whether the sum fixed upon by the common council, if a very small one, were fixed upon in good faith or not, and if not, how to compel the exercise of good faith might be somewhat of a question. If good faith existed, and the sum fixed upon were still thought by the officer to be insufficient because unreasonably small, what appropriate proceedings were left him to follow in such case might give rise to a good deal of deliberation.

It is quite clear that many objections and defenses might be urged by the common council to proceedings by mandamus which would not involve the merits of the controversy, but would involve confusion and delay. About all that the writ of mandamus could accomplish with a common council opposed to an appropriation would be to require the board to meet and exercise the authority conferred upon it by law, and determine upon the appropriation of some amount which it might say was a reasonable compensation for the services performed. The sum might be much less than the officer would regard as reasonable, and much less than that estimated by the mayor. The court would not have the power to command the common council to agree upon or to name a definite sum, and thus the

writ might turn out to be a fruitless remedy for the plaintiff. These views are strengthened by an examination of the case of *People ex rel. Wright* v. *Common Council of Buffalo* (16 Abb. [N. C.] 96; 38 Hun, 637). That was a proceeding by mandamus, and the order entered in that case shows the difficulties of the situation and the infinite chances for evasion of the commands of the writ.

The remedy by mandamus, even if proper, is by no means adequate.

Proceedings by indictment to punish individual members of a common council who might willfully or maliciously persist in a refusal to appropriate a sum sufficient to pay these expenses for carrying out the civil service law, while it might be satisfactory for the purpose of vindicating the law, would not be of immediate avail to the officer who was asking for the payment of his salary.

These remarks answer the claim that while an appropriation by the common council is a condition precedent to a recovery by the plaintiff, there are legal remedies enough available to one situated like the plaintiff to cause such an appropriation to be made.

We think it apparent that if an appropriation by the common council were a condition precedent to liability on the part of defendant, there are no adequate remedies to compel the appropriation of a proper and reasonable sum. What an alderman of a common council might in good faith think was a reasonable sum is altogether too vague a basis upon which to rest a right to be paid what in fact is a reasonable sum. The proper enforcement of this general law cannot be made to depend upon the conduct of the common council, or upon its consent to appropriate a sum sufficient to carry it into effect. The city may raise the proper amount if it choose so to do. It has the necessary machinery at hand for that purpose. If it choose otherwise the law must still be executed, and there is no other way so adequate or effectual for that purpose as to permit the institution of an action like this, and the recovery of a judgment with the inevitable costs and expenses which

accompany such a proceeding. The result will probably be that members of a common council will, in the end, see that the laws of the state are certainly to be enforced, although they may run counter to their views or wishes, and that the only effect of a persistent attempt on their part to obstruct or prevent their enforcement will be added expense to the municipality whose interests they misrepresent.

For these reasons we think the demurrer to the complaint was properly overruled, and the judgment entered upon the decision overruling the same should be affirmed, with costs, with leave to answer in twenty days upon payment of costs in all courts.

All concur.

Judgment affirmed.