CHARLES E. MORSON, Respondent, v. THE TOWN OF GRAVESEND, Appellant.

*Contract liability of a town — policeman of the town of Gravesend cannot maintain an action against it for his salary.*

Towns in the State of New York are corporations of very limited corporate capacity. They have no general power to enter into contracts or to incur obligations, the payment of which can be enforced against the town.

Persons dealing with town officers are charged with notice of the limited corporate capacity of the town, and it is incumbent upon one who asserts the fact of an indebtedness to him from a town to point out the act of the Legislature which authorized and empowered the town to incur the debt.

In an action brought against the town of Gravesend to recover a balance claimed to be due the plaintiff for services as a police officer, it appeared that the plaintiff was employed by the defendant as one of its police officers on June 1, 1890, and that he performed the duties of such office until April 1, 1894. That such employment was under and by virtue of chapter 445 of the Laws of 1887, and the acts amendatory thereof. By such act a board of police commissioners of the town of Gravesend was created, with power to employ such persons as policemen as they should from time to time deem necessary. Such board was directed to present to the board of supervisors of Kings county a statement of the amount necessary to pay the expenses of said commissioners for the fiscal year commencing on the first day of January thereafter, not exceeding a certain amount, and the board of supervisors was directed to cause the amount named in said statement to be levied and assessed upon the taxable property in the town. The amount so levied was to be paid over to the commissioners to be expended for the purposes of said act. The annual appropriation up to January 1, 1894, was duly levied and raised upon the property of the town and paid over to the police commissioners.

*Held,* that the act creating the board of police commissioners of said town did not authorize the town to employ policemen, nor did it create and give to a person employed as a policeman any right of action for his salary against the town;

That it created a board of public officers with power to employ policemen, and it provided a fund from which those employed could be paid; that when that fund had been raised and paid over to the commissioners no further liability existed against the town and none could be imposed upon it;

That the town could not be made liable to provide any further sum by the misfeasance of the commissioners, and if the commissioners exhausted the fund by the employment of more men than it could pay, or in any other way, no cause of action was thereby created against the town and no liability could be enforced against it;

That the contract was with the commissioners and not with the town.

APPEAL by the defendant, The Town of Gravesend, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of January, 1895, upon the report of a referee.

*H. B. Hubbard*, for the appellant.

*William E. C. Mayer*, for the respondent.

BROWN, P. J.:

This action was brought to recover a balance claimed to be due to the plaintiff for services as a police officer.

The complaint alleged and the referee has found that the plaintiff was employed by the defendant as one of its police officers on June 1, 1890, and that he performed the duties of such office until April 1, 1894, and that the employment was under and by virtue of chapter 445 of the Laws of 1887 and the acts amendatory thereof. The plaintiff testified that he was discharged on October 27, 1893, and there is no testimony in the case that he was employed after that date.

We are of the opinion that the action cannot be maintained. Chapter 445, Laws of 1887, created a board of police commissioners of the town of Gravesend, to be composed of the supervisor and justices of the peace of the town, with power to employ such persons as policemen as they should from time to time deem necessary. The board was empowered to determine the compensation to be paid to the policemen and such other incidental expenses as should be necessary to carry out the provisions of the act "subject to the limitations" therein contained. It was directed to present to the board of supervisors of Kings county, on or before their first meeting in August of each year, a statement of the amount necessary to pay the expenses of said commissioners for the fiscal year commencing on the first day of January thereafter, not exceeding $15,000. And the board of supervisors was directed to cause the amount named in said statement to be levied and assessed on the taxable property in the town, or upon districts of said town benefited by the act, as should be determined by the commissioners, and the amount so levied was to be paid over to said commissioners, who

were authorized to expend the same for the purposes of said act. By chapter 55, Laws of 1892, the amount authorized to be raised by the commissioners was increased to $30,000. Section 3 of chapter 445 of the Laws of 1887, as amended by said act, further contained the following provision :

"Said statement may, however, be made and certified to by the commissioners to the treasurer of said town, and if the said treasurer shall have funds, not otherwise provided for by law, sufficient in hand after paying or providing and reserving sufficient moneys for the schools, roads and bridges of said town for the fiscal year, he shall pay the amount or amounts thereof to the said commissioners on the presentation of a certificate signed by a majority of them ; then the said statement shall not be made to the said board of supervisors, as herein otherwise required to be made."

Towns in this State are corporations of a very limited corporate capacity. They have no general power to enter into contracts or to incur obligations, the payment of which can be enforced against the town. By the Revised Statutes a town was empowered "to make such contracts * * * as may be necessary to the exercise of its corporate or administrative powers," and it was provided that "no town shall possess or exercise any corporate powers, except such as are enumerated in this chapter or shall be specially given by law or shall be necessary to the exercise of the powers so enumerated or given." (1 R. S. 337, §§ 1, 2.)

In *Lorillard* v. *Town of Monroe* (11 N. Y. 394), in speaking of the powers and liabilities of towns, Judge Denio, after quoting the above provision of the statute said : "In all other respects, for instance, in everything which concerns the administration of civil or criminal justice, the preservation of the public health and morals, the conservation of highways, roads and bridges, the relief of the poor, and the assessment and collection of taxes, the several towns are political divisions, organized for the convenient exercise of portions of the political power of the State, and are no more corporations than the judicial, or the senate and assembly districts." (See, also, *Town of Fishkill* v. *F. & B. P. R. Co.*, 22 Barb. 634.)

The Town Law (Chap. 569, Laws 1890) has not enlarged the towns' corporate capacity. The 1st section of that act declares them to be municipal corporations "formed for the purpose of

exercising such powers and discharging such duties of local government and administration of public affairs as have been or may be conferred or imposed upon it by law."

Persons dealing with town officers are charged with notice of the limited corporate capacity of the town, and it is, therefore, incumbent upon one who asserts the fact of an indebtedness to him from the town to point out the act of the Legislature which authorized and empowered the town to incur the debt.

It is very plain that the act creating the board of police commissioners of the town of Gravesend has not authorized the town to employ policemen, nor has it created and given to a person employed as a policeman any right of action for his salary against the town. It has created a board of public officers with power to employ policemen, and it has provided a fund from which those employed can be paid. When that fund has been raised and paid over to the commissioners no further liability exists against the town, and none can be imposed upon it. The town cannot be made liable to provide any further sum by the misfeasance of the commissioners, and if they exhaust the fund by the employment of more men than it will pay, or in any other way, no cause of action is thereby created against the town, and no liability can be enforced against it. In this case it is conceded that the annual appropriation up to January 1, 1894, was duly levied and raised upon the property of the town and paid over to the police commissioners. Such being the fact the plaintiff has no cause of action against the town.

There is nothing in *Kip* v. *The City of Buffalo* (123 N. Y. 152) in conflict with the views here stated. The plaintiff in that action was regularly appointed to office by the mayor of the city, and was entitled to a reasonable compensation for his services. The charter provided a way for raising all sums which were properly a charge against the city, and as the common council had refused to appropriate the amount necessary to pay the plaintiff, his right to sue was sustained. In this case, as I have already pointed out, the plaintiff's salary was payable from a certain designated fund, which has been raised and paid to the commissioners, as provided by law. The plaintiff must look to that fund for his pay. His contract is with the commissioners and not with the town, and if the appropriation has been exhausted or diverted, or misapplied, he may possibly have

a right of action against the commissioners personally, but he clearly has none against the town.

The plaintiff calls our attention to the provision of section 3 of the statute, which I have already quoted, and claims that the sum to be raised by taxation was additional to that to be paid to the commissioners by the treasurer of the town. I do not agree to this construction of the law. The commissioners' "statement" was to be presented to the treasurer of the town. This refers to the same statement as is required to be presented to the board of supervisors. It was a statement of the amount necessary to pay the expenses of the commissioners, and was limited to $15,000. If it was presented to the treasurer it is expressly provided that it "shall not be made to the said board of supervisors." It is clear from this latter provision that the appropriation was limited to $15,000. It was to be raised by taxation provided it was not paid out of funds in the treasury. This provision cannot be construed so as to create any general liability on the part of the town for the expenses of the commissioners.

The judgment must be reversed and the complaint dismissed, with costs.

Dykman and Pratt, JJ., concurred.

Judgment reversed and complaint dismissed, with costs.