(26 Misc. Rep. 86.)

### KENT v. VILLAGE OF NORTH TARRYTOWN.

(Supreme Court, Special Term, Orange County. January, 1899.)

1. VILLAGES—EXPENSES OF BOARD OF HEALTH.

"No funds" is not a defense to an action against a village for expenses incurred by its board of health; the restrictions of Village Law (Laws 1870, c. 291) applying to expenditures for general municipal purposes, and Public Health Law (Laws 1893, c. 661) § 30, providing that all expenses incurred by any local board of health in the performance of its duties shall be a charge on the municipality, and shall be audited, levied, collected, and paid in the same manner as the other charges of or upon the municipality.

2. SAME—"NO FUNDS" AS A DEFENSE.

The defense of "no funds" to a claim for services rendered, payable out of the general funds, cannot be interposed, under Village Act, § 128, unless there were no funds at the command of the village at the time the person rendering the services was employed.

Action by Edward Henry Kent against the village of North Tarrytown. Plaintiff demurs to answers. Judgment for plaintiff.

C. S. Davison, for plaintiff.
Henry C. Griffin, for defendant.

HIRSCHBERG, J. The demurrer should be sustained. It is interposed to similar separate answers to the two causes of action set up in the amended complaint, and which separate answers plead, in effect, "no funds" as a defense.

The services rendered to the board of health, and embraced in the first cause of action, are within the powers conferred by the public health law. By section 21 of this act (chapter 661, Laws 1893), the board is authorized to employ such persons as shall be necessary to enable it to carry into effect its orders and regulations, and fix their compensation. The orders and regulations referred to are such as the board may deem necessary and proper for the preservation of life and health, the suppression of nuisances, and the execution and enforcement of the public health law in the municipality. These may be either of general application, or in individual cases. Whenever such board in any incorporated village shall deem the sewers insufficient to protect the public health, it shall certify the fact to the board of trustees, with its recommendations of additions and alterations, and a statement of its reasons therefor. By section 24 it is made the duty of the board to guard against the introduction of contagious and infectious diseases, and to require the isolation of persons and things infected and exposed. By section 25 the board is required to receive and examine into all complaints made by any inhabitants concerning nuisances, or causes of danger or injury to life and health, within the municipality, and may enter upon or within any place or premises where nuisances or conditions dangerous to life and health are known or believed to exist, and by its members, or other persons designated for that purpose, inspect and examine the same. These powers are broad and general, and should be interpreted in the light of the beneficial purposes to be subserved. They include constant and necessary inspection and supervision, with the view of anticipating, suppressing, and preventing all dangers which may threaten the public health.

The first cause of action alleges that plaintiff was employed by the defendant's board of health to carry into effect its orders and regulations, and to inspect and examine premises, of which complaint had been duly made, where nuisances or conditions dangerous to life or health were known or believed to exist; and that he performed work under such employment and under the direction of the health officer in such inspection and examination, and made a written report, with a sanitary map, surveys, field books, and data, locating and describing the nuisances and causes of danger. It further alleges that the board of health fixed his compensation at the sum of $250, but that the board of trustees rejected his claim when presented, but at a subsequent meeting passed a resolution accepting the map, surveys, and field book referred to, for said sum of $250, upon his withdrawing all suits, claims, and demands against the village, and executing a general release, and that he thereupon delivered to the defendant the papers referred to, and offered to

withdraw all ·suits and demands, and to execute the release, but that the defendant refused, upon his demand, to pay the money. The defendant contends that the absence of funds is a sufficient defense; that the theory of the village law in operation at the time the services were rendered (chapter 291, Laws 1870), is that the money expended by the village must be on hand before the obligation can be incurred. I am unable to adopt that view. Many of the expenditures of the board of health can never be foreseen, and its usefulness would be seriously impaired, if no obligation could be incurred for necessary services in the line of its official duty, beyond such service as could be anticipated annually. The health law provides (section 30) that all expenses incurred by any local board of health in the performance of the duties imposed upon it or its members by law shall be a charge upon the municipality, and shall be audited, levied, collected, and paid in the same manner as the other charges of or upon the municipality are audited, levied, collected, and paid. The health law is to be taken in connection with the village law. Referring to the section just cited, the court of appeals said in Re Taxpayers of Plattsburgh, 157 N. Y. 86, 51 N. E. 512:

"This provision of the general law must be regarded as in the nature of an amendment, or at least a part, of all municipal charters. The charter of this village, it is true, contains no provision authorizing the trustees to raise money or to contract debts for the purpose of suppressing disease or preserving the public health, but the general laws of the state make it their duty to comply with the orders of the local board of health in this respect; and when that board incurs expense in the performance of its duty in guarding against the introduction into the village of contagious or infectious diseases, or in the isolation of persons and things infected with or exposed to such diseases, or in providing suitable places for the treatment and care of the sick, who cannot otherwise be provided for, it becomes the duty of the municipal authorities to comply with the order, whether there is any provision to that effect in the charter or not."

If it is incumbent upon the municipal authorities to raise money to defray expenses incurred by the board of health, although no provision exists in the village charter for that purpose, it can hardly be contended that want of funds is a sufficient answer in an action for services lawfully performed under employment by the board in the direct discharge of its official duties, and expressly adopted and ratified by the municipality. The restrictions of the charter as to expenditures for general municipal purposes do not, and, from the peculiar and uncertain nature of the requirements of the case, cannot, apply to expenditures in the prosecution of the work of the health department. The defendant is subject to the statutory liability, and while there may be no funds, because there has been a failure to levy and collect the necessary amount, or to appropriate a sum to meet the liability, such action is not a condition precedent to a right of recovery. As was said of the civil service law in the case of Kip v. City of Buffalo, 123 N. Y. 160, 25 N. E. 168:

"The proper enforcement of this general law cannot be made to depend upon the conduct of the common council, or upon its consent to appropriate a sum sufficient to carry it into effect. The city may raise the proper amount, if it chooses so to do. It has the necessary machinery at hand for that pur-

pose. If it choose otherwise, the law must still be executed; and there is no other way so adequate or effectual for that purpose as to permit the institution of an action like this, and the recovery of a judgment, with the inevitable costs and expenses which accompany such a proceeding. The result will probably be that members of a common council will, in the end, see that the laws of the state are certainly to be enforced, although they may run counter to their views or wishes, and that the only effect of a persistent attempt on their part to obstruct or prevent their enforcement will be added expense to the municipality whose interests they misrepresent."

The second cause of action is for $50, as the value of services rendered at the request of the president of the village, in its interests, in proceedings before the commissioners of the land office; the president being duly authorized by the board of trustees to represent the village in certain applications then and here pending, and to do or cause to be done any and all acts necessary for the due protection and preservation of the rights and interests of the defendant in the matter. The item covers an ordinary governmental expense, payable out of the general fund; and, assuming that section 128 of the then village act relates to such an incidental matter, it is sufficient to say that the answer does not assert that the village had no money at its command at the time the plaintiff was employed by its president. The plaintiff is entitled to judgment on the demurrer as to the defense affected, with costs.

Judgment for plaintiff, with costs.