## LUTES v. TOWN OF WARWICK.

(Supreme Court, Appellate Division, Second Department. March 8, 1912.)

1. HIGHWAYS (§ 203*)—INJURIES TO TRAVELER—NOTICE—REQUISITES.

    Under Highway Law (Laws 1890, c. 568) § 16, providing that no action lies against the town for damages for defective highways unless a verified statement of the cause of action is presented to the town, a statement so incorrectly fixing the place as to mislead the town in its investigation of the facts as to its liability is insufficient.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 510–518; Dec. Dig. § 203.*]

2. HIGHWAYS (§ 211*)—INJURIES TO TRAVELER—EVIDENCE—SUFFICIENCY.

    In an action for injuries to a traveler on a highway, evidence *held* not to justify a finding that an overhanging branch of a tree caused the injury.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 527–532; Dec. Dig. § 211.*]

    Hirschberg and Thomas, JJ., dissenting.

Appeal from Trial Term, Orange County.

Action by Calvin C. Lutes, prosecuted after his death by Wilbur E. Lutes, as administrator, against the Town of Warwick. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ. ·

M. N. Kane, for appellant.

John C. R. Taylor, for respondent.

BURR, J. Defendant appeals from a judgment recovered by Calvin C. Lutes for personal injuries, and from an order denying a motion for a new trial. After the entry of judgment, the said Calvin C. Lutes died intestate, and the action was revived and continued in the name of plaintiff as his administrator. On August 11, 1907, plaintiff's intestate was riding over a road within the boundaries of the town of Warwick, known as the Kimber's Point road. He occupied the left-hand side of the third or rear seat of a canopy-top wagon. In the course of the ride something came in contact with his right eye, injuring it to such an extent that he lost the sight thereof. On the 25th of November in the same year he caused to be served upon the supervisor of the town a verified statement of his claim, in which he fixed the place of the accident at a point about 600 feet westerly from the intersection of said road with a railroad running from Pine Island to Sussex. He therein stated that the injury was due to the fact that he was "struck in the right eye by a large limb or branch of a tree or large bush, which then and there extended for a great distance over the traveled path of said highway." Similar statements were contained in the complaint. Upon the trial it appeared quite satisfactorily that at the point indicated in said notice there were neither branches of trees nor bushes over-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hanging the highway, so as to be a menace to travelers thereon, and said Lutes thereupon sought by the testimony adduced in his behalf to fix the place of the accident at a point distant nearly a quarter of a mile from the railroad, and near a temporary bridge constructed over a ditch to enable persons to drive from the adjoining fields onto the highway.

[1] The service of a proper verified statement of the cause of action is a condition precedent to plaintiff's maintenance thereof. The Highway Law, General Laws, c. 19, Laws of 1890, c. 568, § 16; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Thrall v. Village of Cuba, 88 App. Div. 410, 84 N. Y. Supp. 661. While the statute does not in express terms require that the time and place of the injury shall be stated in the notice, we think that the plain purpose thereof is not fulfilled in the absence of such statement. Purdy v. City of New York, 193 N. Y. 521, 86 N. E. 560; Quinn v. Town of Sempronius, 33 App. Div. 70, 53 N. Y. Supp. 325; Spencer v. Town of Sardinia, 42 App. Div. 472, 59 N. Y. Supp. 412. In the Purdy Case the court say, construing chapter 572 of the laws of 1886:

"The plain purpose of this statute and of similar provisions in the charters of the various municipalities throughout the state, is to guard them against imposition by requiring notice of the circumstances of an injury upon which a claim for damages is made, so that its authorities may be in a position to investigate the facts as to time and place, and decide whether the case is one for settlement or litigation. The statute before us, reasonably construed, does not require those things to be stated with literal nicety or exactness, but it does require such a statement as will enable the municipal authorities to locate the place and fix the time of an accident."

It is true that the statute then under consideration specifically provided that the time and place at which the injuries were received should be stated. But a pleading would not sufficiently state a cause of action if it omitted to specify, in general terms at least, the time when and the place where the accident occurred. Certainly the purpose of the statute would be defeated if the statement of the cause of action, served upon the supervisor, did attempt to fix the place of the accident, and did it so incorrectly that the town authorities in investigating the facts would be entirely misled as to the liability or nonliability of the town. Respondent contends that the character of the highway for the entire distance between the bridge and the railroad crossing was substantially the same, and that, therefore, no prejudice resulted from the error in the statement.

[2] We think that the evidence fails to establish this, and, in addition, that the evidence introduced in behalf of plaintiff's intestate does not fairly justify the conclusion that it was an overhanging branch of a tree which came in contact with his eye. In the first instance he did testify that:

"A limb of a tree struck, I think, the four posts of the wagon, dodged along from one to the other, and, after it was released from the middle post, it got to where I was sitting, and struck me in the eye with mighty terrific force. It struck me in my right eye. The limb came from the left side of the highway."

That it was the overhanging limb·of a tree is manifestly his conclusion, for he subsequently says that he did not see it, and that he did not know whether it was the limb of a tree or a part of a bush. "All I know is that I was struck; * * * that something hit ·me in the eye." His wife, who was in the wagon with him, could not tell whether it was a limb of a tree or a twig from a bush. It seemed to her that it came from above the wagon, but she could not tell. His brother, Phineas, who was also a passenger in the wagon, testified in the first instance that said Lutes was struck "with a bush that scraped along on the top of the wagon, and worked along under the top." He does add that he judged that it came from a tree, but he would not say positively whether it did or not. The driver of the wagon, who sat upon the front seat thereof, and who was called as a witness for plaintiff, testified that there were no branches of. trees hanging over the highway on the day in question. He said:

"I did not see· whether any brush or limbs of any kind hanging over the highway that day as I drove through there struck my wagon. I sat in the front seat. I did not hear any complaint of limbs striking the wagon. I heard that something had struck him in the eye."

He further said that just before they came to the railroad track he heard some one say:

·"That a fly did something, had gotten in his eye; struck him in the eye. * * * I heard some one say that a fly had struck him in the eye."

. Prior to the trial of the action said Lutes caused a deposition of his brother Levi, who was also in the wagon with him, to be taken. At the time of the trial Levi was dead, and this deposition, taken at his instance, was read by defendant. While the witness testified that it was a twig which came in contact with his brother's eye, he also testified with great positiveness that it was a twig from a bush which grew at the side of the road. He further testified that shortly.after the accident he returned to the scene thereof, and cut off the end of· the bush and preserved it to be used as an exhibit in the case. Thereafter witnesses called for the defendant testified that they examined and found the stub from which the twig had been cut. This was part of a bush growing at the side of the road, and was distant 560· feet from the railroad track, or about the distance named by Lutes in his statement of the cause of action which he served upon the supervisor.

The learned trial court charged the jury as follows:

"The claim made in behalf of the defense is that if the plaintiff was hit by a branch, or a twig, a portion of a branch, he was not hit by any overhanging branch from a tree, but that he was hit by a twig being a part of a wayside bush which stood up some four feet at the butt from the nearest wheel track, the traveled roadway there being necessarily narrow as it had to be between those trees, and which bent out to some extent toward the beaten track so that a carriage driving along that side of it came in contact with it. That is the claim made in behalf of the defense. I instruct you in the line I have said before, if that is the way the accident happened, there is no liability here on the part of the defendant."

Without considering all of the evidence offered on the part of the defendant, we think that the evidence offered on the part of the plain-

tiff and the evidence offered on the part of the defendant above referred to, which was uncontradicted, fails to establish by a fair preponderance thereof that plaintiff's intestate was struck by the branch of a tree overhanging the highway. If that is so, the judgment entered upon the verdict cannot be sustained. Defendant contends that at the time of the happening of the accident there was no statutory obligation upon the Commissioner of Highways to remove bushes growing upon the sides of the highway, and therefore, under no circumstances, would the town be liable for an injury resulting in consequence thereof. It is not necessary for us to determine this question at the present time. If the town is liable at all, it would only be if negligence of the commissioner of highways, in connection with the care thereof, was established. The facts and circumstances bearing upon the question of negligence in connection with the presence of bushes at the side of the road was not fully presented upon the trial of this case. Under the ruling of the trial court, it became unnecessary for defendant to do this, the question was not submitted to the jury, and they have made no finding thereon.

The judgment and order denying the motion for a new trial must be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and CARR, J., concur. HIRSCHBERG and THOMAS, JJ., dissent.