JOSEPH E. BROTHERS, Respondent, *v.* TOWN OF LEON, Appellant.

Fourth Department, July 1, 1921.

**Towns — liability for permitting ditch to become stopped up so as to overflow plaintiff's land — failure to file notice of claim as required by Highway Law, § 74, prevents recovery — no liability exists against town for common-law negligence.**

The plaintiff was not entitled to maintain an action under the Highway Law for damages caused by water overflowing onto plaintiff's land from a ditch constructed and maintained by the town, since the plaintiff did not file a notice of claim as required by section 74 of that law.

Although the town was the owner of the land on which the ditch was dug, it is not liable at common law for the negligent acts of its officers and agents in permitting the ditch to fill up so as to overflow the plaintiff's land unless the officers or agents acted or failed to act under the authority of some statute.

As there was no power conferred upon the defendant town, or duty imposed upon it, by law, that is, by statute, to build the ditch in question or to maintain it, there can be no liability at common law for failing to keep it clear.

APPEAL by the defendant, Town of Leon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 14th day of August, 1920, on the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Orla E. Black,* for the appellant.

*Richard A. Hall,* for the respondent.

HUBBS, J.:

This action was brought against the defendant town to recover for damage caused to the plaintiff's crops because of the overflowing of a ditch constructed by the defendant and which, it is alleged, was permitted to fill up and overflow through the negligence of the defendant. The property in question is situated in the valley of Conewango creek. The soil consists of muck and the ground is level and swampy. The creek had been dredged and straightened, and ditches had been dug through the flat land to the creek to drain the land. That had resulted in making a large portion of the land useful. However, at certain times of the year the creek still overflowed, and at times water covered the plaintiff's premises. North of the plaintiff's premises and extending in an easterly and westerly direction there is a highway known as the Kent Switch road. North of the highway is a farm known as the Peck farm. Peck dug a ditch through his farm in a southerly direction to the highway and then dug a ditch

along the northerly side of the highway easterly into the creek. At times these ditches would overflow the highway and wash it out. In 1909 the defendant town dug an open ditch from said highway southerly and across the farm owned by Stoltz, now owned by the plaintiff. The town purchased of Stoltz a strip of land 3 rods wide and dug its ditch from the ditch on the northerly side of the road to the creek, a distance of 235 rods. The town claims that the ditch was dug in pursuance to a request of the county superintendent of highways, and that the land was acquired in a proceeding the same as that for laying out a highway, and that the proceedings of the town board were filed and recorded in the town clerk's office as provided by the Highway Law. The ditch filled up and as a result overflowed the plaintiff's land and caused the damage for which a verdict has been rendered in this action.

The plaintiff alleges that the town was negligent in permitting the ditch to fill up. It also alleges that the plaintiff caused to be served and filed a verified statement of the cause of action in due time and in due form of law. The answer denies that, and there is no proof in the case that a claim was filed in accordance with section 74 of the Highway Law (as amd. by Laws of 1913, chap. 389; since amd. by Laws of 1918, chap. 161). No claim was made upon the trial that the ditch was not properly constructed or that it was inadequate. The sole question submitted to the jury was whether or not the defendant was negligent in permitting the ditch to fill up and in failing to keep it open.

If the plaintiff had a cause of action under the Highway Law, he should have filed his notice of claim as required by section 74 of that law. The failure to file it constitutes a complete defense if the cause of action lies thereunder. (*Lutes* v. *Town of Warwick*, 149 App. Div. 809; *Soper* v. *Town of Greenwich*, 48 id. 354.)

The trial justice submitted the case to the jury on the theory that the town, having dug the ditch, owed to the plaintiff the duty to use reasonable care and caution in maintaining it. The theory of the plaintiff's attorney and of the court was that this is a common-law action. The defendant duly excepted to that portion of the charge and the question

is raised squarely as to whether or not the town, as such, can be held liable for any negligence of its officers in failing to keep the ditch open. The trial justice, in his opinion, states that the cause of action does not come within the Highway Law, and further, that " the town, through its agents, assumed to construct this ditch and that through the negligence of the town in not keeping the ditch clear, the overflow and damage was caused."

In order to sustain this judgment it is necessary to hold that the town, under the circumstances, may be held liable for common-law negligence, as the verdict cannot be sustained under the Highway Law because of the failure to serve the required notice and that question was not submitted to the jury. It is urged that this judgment should be affirmed on the theory that the town, being the owner of the land upon which the ditch is located, and having assumed to dig it upon its land and to gather the waters into the ditch, owed a duty to use reasonable care in maintaining it. There would be no question but what such principle would apply as against an individual or a private corporation, and no doubt the same rule would apply against a village or city that had constructed a ditch under the same circumstances by virtue of statutory authority. It seems to be well settled, however, that at common law a town was not liable for the negligent acts of its officers and agents except in those cases where the officers or agents acted or failed to act under the authority of some statute.

Towns exist only for the purposes of general political government of the State, and in performing the duties which they perform they are performing duties of the State by virtue of authority delegated by the State; and in carrying out the governmental duties assigned to them they represent the sovereign power of the State, which sovereign power is not liable at common law for the negligence of its officers and agents. While the State may impose duties upon the town and compel their performance, the town is not considered in the same light as a person or private corporation which undertakes to perform certain acts or duties for a consideration and is thereby made liable to persons who are injured as a result thereof. The powers and duties of a town are of a

Fourth Department, July, 1921.          [Vol. 198

public nature and they are subject to be restricted or enlarged by acts of the State Legislature within the limitations of the Constitution.   Acts of the town officials within the limitations of the powers granted by the State bind the town, but acts of such officials outside of the powers granted by the Legislature are outside of the law and have no binding effect upon the town, although the officials performing the acts may be personally liable.   None of their powers or obligations are imposed by the common law.   They are all purely statutory.   In order, therefore, to hold the town liable in the case at bar, it is necessary to find that there was some statutory authority for the construction and maintenance of the ditch in question.   No such authority has been pointed out unless it existed under and by virtue of the Highway Law.

It has been suggested that under the decision in the case of *Bowman* v. *Town of Chenango* (227 N. Y. 459) a liability might be held to exist in this case under the Highway Law. However, that question is of no importance here as the notice required by that statute was not served.   Neither is the question here as to whether or not the town officials, as individuals, are liable for their negligence, as they are not parties to the action as was the town superintendent of highways in the case of *Short* v. *Town of Orange* (175 App. Div. 260) where it was held that where sparks escaped from a tractor owned by the town and set fire to the plaintiff's barn, the tractor being owned by the town and operated by the town superintendent, the town was not liable although the town superintendent might be personally liable. In that case Mr. Justice COCHRANE said: " That towns are not liable for the negligent acts of their officers in the absence of statutory provisions making them so liable is familiar law. They are involuntary subdivisions of the State, constituted for the purpose of the more convenient exercise of governmental functions by the State for the benefit of all its citizens. The relation of *respondeat superior* does not exist between towns and its officers."

The case of *Litchfield* v. *Bond* (186 N. Y. 66, from p. 80 to the end of p. 83) makes very clear the grounds upon which political subdivisions are exempt from common-law

liability. Prior to the enactment of section 2 of chapter 569 of the Laws of 1890 (Gen. Laws, chap. 20), now section 2 of the Town Law, towns were not called municipal corporations. (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392; *Morson* v. *Town of Gravesend*, 89 Hun, 52.) In the latter case, Presiding Justice BROWN, speaking for the Second Department, said: " The Town Law (Chap. 569, Laws 1890) has not enlarged the towns' corporate capacity." Said section 2 of the Town Law expressly says that a town shall exercise such powers and discharge such duties " as have been, or may be conferred or imposed upon it by law." As there was no power conferred upon the defendant, or duty imposed upon it, by law, that is, by statute, to build the ditch in question or to maintain it and keep it clear, there can be no liability for failing to keep it clear.

I advise that the judgment and order be reversed, with costs, and the complaint dismissed, with costs.

All concur.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.