JOHN M. ANDERSON, Plaintiff, *v.* PORT WASHINGTON PUBLIC PARKING DISTRICT et al., Defendants.

Supreme Court, Special Term, Nassau County, March 28, 1955.

*James B. McLaughin* for Henry A. Sahm, defendant.

*George A. Garvey* for plaintiff.

RITCHIE, J. This is a motion by the defendants to dismiss the complaint on the ground that it fails to state facts sufficient to state a cause of action and upon the further ground that the defendants have not the legal capacity to be sued. Pursuant to subdivision 5 of section 198 of the Town Law, the town board of the Town of North Hempstead created a public parking district. Pursuant to the statute, the town board purchased a parcel of property and converted the same into a public parking area. Plaintiff claims to have been injured from a fall on said property and sues the public parking district, naming the members of the town board as codefendants, designating them, however, as commissioners of the parking district. The only real point in issue and, therefore, the only question to be decided here, is whether the defendant parking district is a municipal corporation and whether the codefendants are commissioners. I cannot find any authority, and none is submitted by the plaintiff herein, to support the contention that the Port Washington Public Parking District is a corporation, public or private, which may be sued under the name given to it by the plaintiff. As a matter of fact, the plaintiff does not so allege in his complaint. Furthermore, with respect to the other defendants, the resolution of the town board was in consonance with the procedure outlined in the Town Law for the creation of a special district and the deed of the property was to the members of the town board pursuant to subdivision 5 of section 198 thereof. Port Washington Public Parking District is not a legal entity which may be sued, nor can the codefendants be sued as commissioners, since no such office is created pursuant to any law. Section 61 of the Town Law specifically abolished boards of commissioners except in certain specified cases of which this alleged commission is not one. Therefore, the appropriate defendants in this case would be the Town of North Hempstead and its board members. Inasmuch as a municipal corporation may not be sued unless the requirements of notice pursuant to section 50-e of the General Municipal Law have been met, it is difficult to perceive how the complaint can be upheld, inasmuch as complaince with the notice requirements must be alleged in a complaint. No such notice is alleged in the pleading under attack. Accordingly, the motion is granted with leave to the plaintiff to serve an amended complaint, if so advised, within twenty days after service of the order to be entered hereon.