■ JOHN M. ANDERSON, Appellant, v. PORT WASHINGTON PUBLIC PARKING DISTRICT et al., Defendants, and HENRY A. SAHM, as Commissioner of Port Washington Public Parking District, Respondent.— In an action to recover damages for personal injuries sustained as the result of alleged negligent construction and maintenance of a sidewalk in a public parking field in Port Washington, town of North Hempstead, Nassau County, the adverse parties named are the public parking district and five individuals " as commissioners " of the district. After service of the summons and complaint, one of the individuals moved to dismiss the complaint because of insufficiency (Rules Civ. Prac., rule 106) and because the cause of action did not accrue against him by reason of disability (Rules Civ. Prac., rule 107, subd. 8). The appeal is from the order granting the motion, with leave to plead over. Order reversed, with $10 costs and disbursements, and motion denied. The complaint alleges that " defendants " own, operate, and control the parking field where the accident happened. For purposes of this motion, respondent has admitted those allegations of the complaint. The question of ownership, operation, and control may not be raised in this manner. Were the question properly before us, it is our opinion that the public parking district is not a legal entity which may be sued, but that the members of the town board are liable for negligence because on them is the duty of construction and maintenance imposed by statute. (Town Law, § 198, subd. 5; § 202-a.) The members of the town board are liable for their negligence in the performance of their official duties, but such negligence is not chargeable to the town in the absence of statutory direction. (*People ex rel. Morey* v. *Town Bd. of Audit of Town of Oyster Bay,* 175 N. Y. 394; *Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318; *Short* v. *Town of Orange,* 175 App. Div. 260.) There is no statutory direction making the town liable in this case. However, the members of the town board may levy and assess the cost of any judgment obtained against them upon property within the district in a sum sufficient to reimburse themselves. (*Grishaber* v. *Town of Callicoon,* 263 App. Div. 471.) Although the members of the town board are not commissioners of defendant parking district (Town Law, § 61), the description of the individual adverse parties " as commissioners " may be treated as surplusage. (*Boyd* v. *United States Mtge. & Trust Co.,* 187 N. Y. 262; *Martin* v. *Talcott,* 1 A D 2d 679.) Beldock, Murphy and Kleinfeld, JJ., concur. Nolan, P. J., and Wenzel, J., dissent and vote to affirm, with the following memorandum: We are unable to agree with the majority of the court that the allegation that " ' defendants ' own, operate, and control the parking field " is admitted on this motion to dismiss the complaint for insufficiency or that the members of the town board may be held liable for the negligence alleged in the complaint. The action is against respondent, as a commissioner of the Port Washington Public Parking District, and, unless the complaint is to be read as alleging operation and control by respondent, in that capacity, it fails to state a cause of action. If it is to be read, as we think it should, as alleging operation and control by respondent, in such official capacity, the allegation involves a conclusion of law which is not admitted for the purposes of the

motion. In any event, we may read into the complaint for the purpose of determining its sufficiency all the facts and applicable statutes of which the court may take judicial notice. (*Walsh* v. *Trustees of New York & Brooklyn Bridge,* 96 N. Y. 427, 438; *First Nat. Bank of Genoa* v. *American Sur. Co.,* 239 App. Div. 282; *City of Watertown* v. *Town of Watertown,* 207 Misc. 433, 446.) Concededly, the parking field is operated, maintained and controlled by the town board, pursuant to statutory authority. (Town Law, § 198; subd. 5, § 202-a.) The acts of town officers, within the scope of their powers, bind the town. (*Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318, 322; *Brothers* v. *Town of Leon,* 198 App. Div. 144, 148–149.) If the members of the town board have been negligent in failing properly to maintain the sidewalk, which presumably they constructed, and which they were required to maintain, the action to recover damages for such negligence is, in our opinion, to enforce a liability duly enjoined upon town officers, for which the town is liable, and must be brought against the town in its name (Town Law, § 65), notwithstanding that any judgment recovered may be paid by assessment against the property within the parking district. Although there may be no statute which expressly provides for liability of the town in a case such as this, it may be pointed out that in establishing and maintaining a parking district, the town engages in a quasi-private undertaking, and acts in a proprietary capacity. (*Comereski* v. *City of Elmira,* 308 N. Y. 248, 258; *Augustine* v. *Town of Brant,* 249 N. Y. 198, 205, 206.) When it assumes such a duty it also assumes the burdens incident thereto, among which is liability for negligence in the performance of the duty assumed. (Cf. *Augustine* v. *Town of Brant, supra.*) Since respondent is not liable for the negligence charged against him, either as commissioner or in any other capacity, the deficiency in the complaint cannot be cured by treating the words " as commissioners " as surplusage. [207 Misc. 824.]