■ RASON ASPHALT, INC., Appellant-Respondent, v. TOWN OF OYSTER BAY, Respondent-Appellant.— Action to recover the agreed price and reasonable value of goods sold and delivered (materials for road repairs) to the Town of Oyster Bay pursuant to 54 separate contracts of purchase entered into between the parties beginning April 19, 1955, and ending February 27, 1956. Each purchase is under $1,000 and is the subject of a separate cause of action. The total of the purchases is $11,909.50. In addition to a general denial, the answer alleges (1) failure to comply with subdivision 1 of section 103 of the General Municipal Law, in that the purchases were not made pursuant to advertising for sealed bids, (2) the action is barred by the Statute of Limitations contained in subdivision 3 of section 65 of the Town Law, and (3) the town superintendent of highways is not the agent of the town. Each party moved for summary judgment. The court denied summary judgment to each on the ground that triable issues exist with respect to (1) the competitive bidding requirements of section 103 of the General Municipal Law, and (2) the power of the Superintendent of Highways to bind the town. The court also found that the cause of action arose on October 1, 1956, that it was timely commenced, and that the notice of claim was timely filed. Each party appeals from the adverse portions of the order entered thereon. Order modified (1) by striking from the first ordering paragraph the words "triable issues" and by substituting therefor the words "no triable issue", (2) by striking from said ordering paragraph the words "and with respect to" and by substituting therefor the words "or with respect to", and (3) by striking from the third ordering paragraph the word "denied" and by substituting therefor the word "granted". As so modified, order affirmed, with $10 costs and disbursements to appellant-respondent. In our opinion there are no triable issues presented and Rason Asphalt, Inc., the appellant-respondent, is entitled to summary judgment. The transactions involved herein fall within the exception contained in subdivision 1 of section 103 of the General Municipal Law, as each separate transaction was under $1,000. (*Swift* v. *Mayor, Aldermen & Commonalty of City of N. Y.*, 83 N. Y. 528; *People* v. *Kane*, 161 N. Y. 380; *Anderson* v. *City of New York*, 258 App. Div. 588; *Majestic Factors Corp.* v. *City of New York*, 286 App. Div. 1032.) We are also of the opinion that the town may not deny the agency of its Superintendent of Highways because of the previous dealings between the parties and also because under the circumstances herein he was acting within the scope of his authority. (*Holroyd* v. *Town of Indian Lake*, 180 N. Y. 318, 322; *Brothers* v. *Town of Leon*, 198 App. Div. 144, 148; *Anderson* v. *Port Washington Public Parking Dist.*, 1 A D 2d 826, 827.) In a memorandum submitted to the Governor in 1957 in support of proposed legislation which would have authorized the town to pay the amount due Rason, the town conceded Rason's good faith and stated that a failure to pay would result in unjust enrichment to the town at the expense of Rason. In any event the town, having gained from the bona fide performance of Rason, is estopped from denying the agency of its superintendent. (*Moore* v. *Mayor, Aldermen & Commonalty of City of N. Y.*, 73 N. Y. 238). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. [8 Misc 2d 411.]