■ R.A.K. INDUSTRIES, DIVISION OF AMERICAN INDUSTRIES SALES CORPORATION, Respondent, v VILLAGE OF SARANAC LAKE, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered May 13, 1983 in Franklin County, which denied defendant's motion to dismiss the complaint. ¶ In its complaint, plaintiff seeks to recover from defendant the sum of $8,388.90, representing the claimed reasonable value of goods sold by plaintiff to defendant, plus the additional sum of $199.50 in shipping charges. Prior to answering, defendant moved to dismiss the complaint upon the ground that plaintiff is not entitled to a recovery, as the sale or sales in question violated subdivision 1 of section 103 of the General Municipal Law. Plaintiff opposed this motion and cross-moved for summary judgment. Special Term, without opinion, denied defendant's motion and apparently also denied plaintiff's cross motion.[1] This appeal by defendant ensued. ¶ At the time relevant to this case, subdivision 1 of section 103 of the General Municipal Law provided, *inter alia,* that: "all purchase contracts involving an expenditure of more than three thousand dollars, shall be awarded by the appropriate officer, board or agency of a political subdivision * * * to the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided by this section." ¶ Defendant, referring to plaintiff's complaint, asserts that the goods in question (chains, hooks, nuts and bolts) were purchased as the result of a single contract, and, accordingly, have a reasonable value in excess of $3,000. This being the case, defendant asserts that section 103 of the General Municipal Law applies and, since there was no competitive bidding for the goods in question, the transactions with plaintiff were illegal (see *Gerzof v Sweeney,* 16 NY2d 206, 208). ¶ On the other hand, plaintiff asserts that section 103 of the General Municipal Law is inapplicable for two reasons. First, plaintiff asserts by affidavit that the goods in question were ordered by defendant in four separate orders, each of which was under $3,000. This assertion is documented by four separate invoices dated January 21,

---

1. Special Term rendered no written decision and its order fails to mention plaintiff's cross motion.

1982, February 1, 1982, March 1, 1982 and April 1, 1982. Such assertion certainly raises a question of fact which, if proven, would render section 103 of the General Municipal Law inapplicable (see *Rason Asphalt v Town of Oyster Bay,* 6 AD2d 810). Second, plaintiff raises the question of fact as to whether bidding was possible as certain materials may have been needed on an emergency basis (see General Municipal Law, § 103, subd 4). ¶ With these questions unresolved, it would be inappropriate to grant defendant's motion or plaintiff's cross motion.[2] The order should, therefore, be affirmed. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

2. We note, in any event, that plaintiff's motion for summary judgment was premature as issue has not as yet been joined (Siegel, NY Prac, § 279, p 335).