In the Matter of the Petition of James J. Brown, as Supervisor, etc., for the Construction of Section 205 of the General Municipal Law.

County Court, Rockland County, April 21, 1925.

Municipal corporations — petition, pursuant to General Municipal Law, § 205, subd. 5, for determination of certain questions arising from injuries suffered by members of fire department in village of Spring Valley in responding to fire call outside of corporate limits of said village — claimants notified trustees of village of injuries but failed to serve notice in writing on village clerk or town clerk within thirty days after accident — claimants entitled to compensation if they file written notice with clerk of village within thirty days after accident — word "call" as used in General Municipal Law, § 205, subd. 4, includes call by any one in district immediately in need of fire assistance — claim is town charge to be levied and collected within town, exclusive of villages and fire districts having system of fire protection.

Upon a proceeding pursuant to subdivision 5 of section 205 of the General Municipal Law for the determination of certain questions arising from injuries suffered by members of the fire department of the village of Spring Valley in responding to a fire call outside the corporate limits of said village, and for a construction of the aforesaid statute, it appears that said members of said fire companies gave verbal notification to the trustees of the village of Spring Valley of the injuries, but failed to serve a notice in writing upon the village clerk of the village of Spring Valley or upon the town clerk of the town of Ramapo within thirty days after the accident; that the clerk of the village of Spring Valley transmitted to the town board of the town of Ramapo a statement of one of the claimants addressed to "Spring Valley Fire Counsel," and at the same time referred to the town board of the town of Ramapo a claim in the form of a bill presented twenty-four days after the accident to the village of Spring Valley, and that the town board of the town of Ramapo had no knowledge of the claims until the receipt of the aforesaid letter from the clerk of the village of Spring Valley bearing a date of thirty-eight days after the accident.

*Held,* upon an examination and construction of subdivision 3 of section 205 of the General Municipal Law (added by Laws of 1920, chap. 617, as amd. by Laws of 1921, chap. 190) that if claimants did in fact file a written notice of claim with the village clerk of the village of Spring Valley within thirty days after the accident, they are entitled to recover, since said filing was timely; that the word "call" as used in subdivision 4 of section 205 of the General Municipal Law (as amd. by Laws of 1923, chap. 122) means a call made by any one in a district or territory immediately in need of fire help or assistance.

The compensation for said injuries is a town charge to be levied and collected upon the taxable property within the town of Ramapo, outside the villages and fire districts which have set up instrumentalities for fire protection, since the injuries were suffered within said town and not within the village to which the fire companies were attached.

Application, pursuant to subdivision 5, section 205 of the General Municipal Law, for a determination of certain questions arising from injuries suffered by members of fire companies constituting parts of the fire department of the village of Spring Valley.

PATTERSON, J.:

The petition submits the following three questions for determination, pursuant to the provisions of subdivision 5 of section 205 of the General Municipal Law:

*First.* Is the failure of the injured persons to serve the statutory written notice upon the municipality liable for their compensation, by reason of the provisions of subdivision 3, section 205 of the General Municipal Law (as added by Laws of 1920, chap. 617, and amd. by Laws of 1921, chap. 190),* jurisdictional or may it be excused?

*Second.* Is it necessary, under said act, for the claimants seeking compensation to establish that their attendance at the fire was pursuant to a " call," and what is the proper interpretation of the word " call " as used in subdivision 4 of said act (as amd. by Laws of 1923, chap. 122) ?*

*Third.* If the territory in which the injuries were sustained is located in the town but not in a village, fire district or a territory protected by a fire company, is the compensation a town charge to be levied and collected upon such territory exclusively; or, if there are a number of such territories not included within the village, fire district, protected territory, detached and separated from each is such compensation a town charge to be levied and collected upon all of such territories regarded for such purpose as a single territory?

The facts, as they are presented by the petition, are that one Joseph Worner and Everett Sherwood were members of certain fire companies, constituting component parts of the Spring Valley fire department of the village of Spring Valley. I assume that the Spring Valley fire department is a corporate entity, and the respective companies are integral parts of such corporation; however, that is hardly germane to the questions in issue.

On the 23d day of January, 1925, the fire companies of which the above were members responded to a call for assistance in a territory beyond the corporate limits of the village of Spring Valley and not, as I understand it, within any territory comprising a fire district or protected by any fire company, organized for the purpose under the Membership Corporations Law of the State. While in the performance of their duties, at such fire, the claimants Worner and Sherwood sustained certain injuries.

That thereafter, they " verbally notified " the trustees of the village of Spring Valley of their injuries but that no notice in writing was served upon the village clerk of the village of Spring

---

* Since amd. by Laws of 1925, chap. 540.— [REP.

Valley or upon the town clerk of the town of Ramapo, within thirty days after the injuries were sustained. It does appear from the petition that on March 2, 1925, the clerk of the village of Spring Valley transmitted to the town board of the town of Ramapo a statement of claimant Worner, addressed to "Spring Valley Fire Counsel," and at the same time he also referred to the town board of the town of Ramapo a claim in the form of a bill, previously presented, under date of February 16, 1925, by claimant Sherwood to the village of Spring Valley. In any event, it does not appear that the town board of the town of Ramapo was apprised of the claims until the receipt of the letter of the clerk of the village of Spring Valley, which, as stated above, was under date of March second.

To intelligently interpret and give vitality to the act is a difficult thing, because it is, from first to last, a flagrant instance of careless legislative enactment. It is deficient most, in what it does not provide, rather than what it does provide.

As to the first question submitted — namely, the failure of the injured persons to serve proper notices — subdivision 3 of the act provides in respect thereto: " No such claim shall, however, be allowed, unless, within thirty days after receiving such injuries, written notice thereof be served by mail or otherwise on the comptroller or chief financial officer of the city, the town clerk of the town or the village clerk of the village in which is maintained the fire department of which the claimant is a member." Right here is the first instance of careless bill drafting. It will be noted that the provision calls for the services of a notice upon the comptroller or chief financial officer of the city, the town clerk or the village clerk in which is maintained the fire department of which the claimant is a member. In this instance, it would be the village of Spring Valley, which maintains the fire department of which the claimants were members, notwithstanding the clear intendment of the provision was to give notice to the municipality liable for the claim which, in this instance, would not be the village.

There is no provision by which the village clerk should transmit the notice to the municipality properly liable therefor. What the Legislature had in mind was the service of a notice, similar to the provision of section 341 of the Village Law.

As the section now stands, there seems to me no limitation of time when the town would be liable for such a claim, if the claimants seasonably filed their notice with the clerk of the village which maintains the department of which they were members. However, I will construe the section literally, favoring the claimants and find, as a matter of law, that if they did, in fact, file a *written notice of claim with the village clerk of the village of Spring Valley, within*

*thirty days after receiving the injuries,* it was timely and they cannot be barred from recovering on that ground.

Of course, it is very obvious, what the section should have provided, namely, that the claim should be served within thirty days upon the clerk or fiscal officer of the municipality liable therefor.

I am not prepared to say that this defect might not have the effect of declaring the act unconstitutional, at least, in this respect, but I leave it to be raised directly and not collaterally, when it may be passed upon by our appellate courts or perhaps, our Legislature will once again try its overworked hand at another amendment.

The second question submitted is: What is the proper interpretation of the word " call," employed in subdivision 4 of section 205 of the General Municipal Law? Well, while the act itself is quite barren of common sense, we will have to try to inject a little in it, to make it at all workable.

We will take the instant case. The fire occurred in a portion of the town of Ramapo in which no fire district had been set up and unprotected by any fire organization, and, hence, in a wholly undefined and non-existent political entity. A fire occurs therein. A man's house is burning up and he calls for help from his nearest neighbors, namely, the nearest fire company, which happens to be Spring Valley. If the owner doesn't make the " call," who, in the name of reason, is going to? Before it can become an official " call," must he hunt up the town clerk or the supervisor, or convene the town board, in solemn session, because if the " call " in question must be a " call " from some one in authority in the territory liable for such a claim, it can only come through its duly elected officers, in this instance, the town board.

It is respectfully submitted that when this could be done, the unfortunate property owner would, by that time, have been searching the ruins of his home to see what he could salvage from the wreck.

A " call " can be made by any one in the district or territory, immediately in need of fire help or assistance.

The last question is, in brief, what part of the town of Ramapo is liable for such a claim and how shall the taxes therefor be levied and collected.

I find that the claim is a town charge to be levied and collected upon the taxable property within the town of Ramapo, outside of villages and fire districts which have already set up instrumentalities for fire protection, and this raises the question as to just how we define " protected territory."

Subdivision 4 of section 205 of the General Municipal Law seems to provide for a territory which maintains a fire company in which a fire district has not been organized. Just what are the ramifi-

cations of such a fire company, I do not know. I doubt if there is a single instance in the State of New York where the territory protected by such a fire company is limited and defined, except in the most general terms.

The act seems to assume superior wisdom or ability in your county judge for interpreting this act. I have none. Such a jargon can just as well be construed by any lay mind. At best, it is a guess, colored, perhaps, by a little common sense.

It is regretted that the court cannot be of more concise and constructive help to your honorable board in the premises.

