In the Matter of the Application of EDNA M. YOUNG, as Administratrix, etc., of BURTON J. YOUNG, Deceased, Respondent, for Allowance of Claim against TOWN OF KORTRIGHT, under Section 205 of the General Municipal Law of the State of New York, Appellant.*

Third Department, May 15, 1934.

*Hamilton J. Hewitt*, for the appellant.

*Donald H. Grant* [*Anthony De Angelo* of counsel], for the respondent.

PER CURIAM. The village of Hobart, N. Y., on November 2, 1931, maintained a voluntary fire company duly incorporated under the Membership Corporations Law. Burton J. Young, the deceased, was an assistant chief of said fire department.

The village of Hobart is in the town of Stamford and adjoins the town of Kortright. There was a fire on said date in the residence of George Burgher of the town of Kortright which was distant from the village of Hobart about three miles. The village fire department with their apparatus went out to extinguish the fire and while so engaged the deceased while walking along the highway parallel to hose running from the pumper to the burning building

---

* Revg. 148 Misc. 431.

was struck by a car which was being driven along the highway by Jacob Cohn.

It was conceded upon the hearing that any call made upon the Hobart fire department was made without the authorization or knowledge of any official of the town of Kortright or any governing body thereof. There is no proof whatever in the record as to who made the call, if any was made, that caused the fire department to go to the fire.

The village of Hobart had never adopted any ordinance, as provided by section 209 of the General Municipal Law, permitting its fire department to go outside of the Hobart fire district to extinguish fires. The burning building was outside the limits of any fire district or of any village.

An order has been made that Edna M. Young, administratrix of the estate of Burton J. Young, deceased, recover against the town of Kortright the sum of $3,000 because of the death of her husband.

A part of subdivision 4 of section 205 of the General Municipal Law provides: " If such injury occur while a fire company is assisting a * * * territory outside any such district, in the subjugation of fire, or while going thereto or returning therefrom, upon the call of such * * * territory outside any such district, or death shall result from any such injury, such sum shall be a charge against any such * * * district, * * * so issuing the call for assistance and in which the fire occurred."

The statute is ambiguous and loosely drawn. The language of subdivision 4 provides that the sum shall be paid by the district issuing the call. A call from some responsible source is necessary in order to create an obligation against the district.

The order appealed from is reversed and the matter remitted for a new hearing to permit further evidence as to the call to the Hobart fire department.

HILL, P. J., RHODES, McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order reversed, on the law and facts, with costs, and matter remitted for a new hearing to permit further evidence as to the call to the Hobart Fire Department.