In the Matter of the Application of EDNA M. YOUNG, as Administratrix, etc., of BURTON J. YOUNG, Deceased, Respondent, for Allowance of Claim against THE TOWN OF KORTRIGHT under Section 205 of the General Municipal Law of the State of New York, Appellant.

Third Department, March 13, 1935.

*Hamilton J. Hewitt*, for the appellant.

*Donald H. Grant*, for the respondent.

HILL, P. J. The town of Kortright appeals from an order in a proceeding conducted under section 205 of the General Municipal Law whereby it was directed to pay $3,000 to the administratrix of Burton J. Young, deceased, who in his lifetime was a volunteer fireman and an active member of the village of Hobart fire department. His death resulted from injuries received while in the

performance of his duties as a fireman, and while he and his company were at a fire in the town of Kortright, Delaware county, closely adjacent to the village of Hobart.

An order similar to the one now under review was reversed on a former appeal. The record then contained no information concerning the call to which the Hobart department responded. It was stated in the opinion: " A call from some responsible source is necessary in order to create an obligation against the district." (241 App. Div. 188.)

One of the dwellings on a dairy farm was on fire. Within the same curtilage was another dwelling, a large barn sheltering 150 cows, and other smaller barns and sheds. The fire occurred in November, 1931, and within the buildings the harvest from the farm was stored. The record now discloses that a man twenty-four years of age, son of the owner of the farm and buildings, called the telephone central. Under a general arrangement between the telephone company and the Hobart village authorities, the central operator, upon learning of a fire, pushes a button that sounds the alarm.

Section 205 of the General Municipal Law provides that $3,000 shall be paid to the representatives of a deceased volunteer fireman who dies from injuries received while in the performance of his duties as a fireman. If death shall result from injuries received " while a fire company is assisting a neighboring city, town, village or fire district, or territory outside any such district, in the subjugation of fire, or while going to or returning therefrom, * * * such sum shall be a charge against such neighboring city, town, village or fire district, or territory outside any such district, so issuing the call for assistance and in which the fire occurred." The statute is silent as to who may send the call. No official of a city, town or village has authority to incur obligations generally for which the municipality is responsible. There are officials with limited executive authority, but neither a " fire district " nor " territory outside any such district " mentioned in the statute has an officer or a group of officers possessing any executive authority to obligate the taxpayers of the area. It is argued that a " call," if within a city, should come from the mayor or its common council; in a town, from the supervisor or its town board; in a village, from the president or its board of trustees. Quite obviously it would not be practical for the " call " to originate from such a source after a fire started. If the act had provided that liability should arise only after the officials of the town had taken formal action in advance, the scope of the legislation would have been limited, for the same fire company might not be available in all parts of the town. There might be a conflagration so extensive

that aid would be required from distant sources, and the statute would be inoperative unless the town board had anticipated the potential sources of aid under all the various contingencies that might arise. The statute provides for aid being rendered to the portion of a town outside a fire district, and for the liability of the taxpayers of such an area. This negatives the suggestion that the call is to be sent by the officials of the local fire department to the one from which aid is desired. If the call is sent to the fire company by some adult person having an appreciation of the perils involved and the aid needed, it is sufficient. The call by the adult son of the owner was sufficient.

On the question of general constitutionality of the statute and the power of the Legislature to impose this tax, I adopt the statements and citations contained in the opinion of Judge BROWN in this case (148 Misc. 431). There was no opinion rendered on the new hearing, which was directed by the Appellate Division (241 App. Div. 188).

The order should be affirmed.

MCNAMEE and HEFFERNAN, JJ., concur; BLISS, J., concurs in the result, with a separate memorandum; CRAPSER, J., dissents and votes to reverse the order and to dismiss the claim.

BLISS, J. (concurring). I concur for affirmance.

This statute is intended to compensate an injured volunteer fireman or his beneficiaries in case of death for injuries or death received in line of duty while answering a call from a neighboring municipal corporation or area. The statute does not provide who shall make the call. Calls for fire are not ordinarily turned in by public officials alone. They are made by the person who first discovers the fire. Such person may be an adult or minor, competent or incompetent, responsible or irresponsible. There may be false alarms. None of these things affect the volunteer fireman in the performance of his duty. He does not wait to ascertain the person who turned in the alarm, but answers the call. If he is injured or killed while in the performance of such duty, the benefits are to be paid under the statute by the municipal corporation or area whence came the call. Such corporation or area benefits from the protection afforded by the volunteer fireman and the statutory compensation is made a charge upon such municipal corporation or area so benefiting.

Order affirmed, with costs.