In the Matter of the Petition of PETER L. WIESZCZECINSKI, Respondent, for an Award against the VILLAGE OF SLOAN, Appellant, and/or the TOWN OF CHEEKTOWAGA and Another.— Order modified on the law by reducing the award to the sum of $1,500 and by striking out the provision for costs, and, as modified, affirmed, without costs of this appeal to either party. Memorandum: The habit which the Sloan firemen and the Doyle firemen had of responding to fire alarms in each other's districts did not have the force of custom amounting to law, especially in view of the fact that formal negotiations between the authorities of the two fire districts never resulted in any agreement in respect to mutual assistance in matters of fire protection. We must regard the habit of mutual assistance between these two fire districts as a result of the well-known spontaneous impulse of voluntary firemen to bestir themselves the moment they hear a fire alarm. Section 205, subdivision 4, of the General Municipal Law provides, in substance, that when a fireman from one fire district is injured in the line of duty while answering a " call " from another district the latter district shall pay the award provided by said section. In the instant case the fire was in the Doyle district in which an alarm was sounded. Immediately thereafter a fire alarm was sounded in the Sloan district. Petitioner, a member of the Sloan fire department, joined his company in going to the fire wherever it might prove to be. He was injured before reaching the fire, and, in fact, neither he nor the members of his company ever reached the place of the fire. While the word " call," as used in section 205, must be construed liberally (Matter of Young v. Town of Kortright, 244 App. Div. 45; affd., 268 N. Y. 676), still a fire district should not necessarily be assumed to have called all firemen of neighboring districts who happen to hear its fire alarm. We think the county judge's decision of fact that petitioner was answering a call from his own fire district, cannot be disturbed. However, the order should be modified by striking the forty-dollar item from the award, since it is not demanded in the petition, and should be further modified by striking out the item of thirty dollars costs, since costs are always statutory and the statute makes no provision for costs, and, as so modified, the order should be affirmed, without costs. All concur. (The order is for petitioner on a claim for damages for permanent injuries.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.