In the Matter of WILLIAM STEVENS, Claimant, against VILLAGE OF SMYRNA et al., Respondents.

County Court, Chenango County, December 30, 1949.

*Charles Gallagher, County Attorney,* for respondents.

*Howard S. Adler* for State Insurance Fund, as carrier for the Bainbridge Fire District.

*William Stevens,* in person, and *Edwin F. Verreau,* for claimant.

BARNES, J. This is a petition presented under subdivision fifth of section 205 of the General Municipal Law. Upon the petition filed under that section, a hearing has been had and testimony taken.

There is very little controversy as to the facts established. On the day stated, a fireman's convention was being held in the village of Bainbridge in this county. This convention was attended by volunteer firemen from many surrounding villages, including the village of Smyrna. The claimant was an active volunteer fireman of the Smyrna fire department and was in attendance at Bainbridge as a member of his fire department. Contests were held and the parade was had. The parade led to the local baseball field, where a baseball game was to take place. Shortly after the parade had disbanded, the local fire alarm sounded. The claimant, in company with other members

of his fire department started for the Bainbridge firehouse, for the purpose of assisting, if needed. On the way from the ball field to the firehouse, he was injured. Of these facts, there is no denial. At the time the fire alarm sounded, there was a loud-speaker sound truck at the game; this had been the official mouth-piece of the committee officiating at the convention during the day and was then engaged in reporting the baseball game. Some announcement was made by the person in charge, and different versions of exactly what was said were given. This is the only point upon which there is a conflict of testimony. The sound truck was being operated by the chief of the Norwich fire department, but was a personal enterprise, he having personally fur-nished the sound truck for hire, and having been hired by the committee in charge of the convention. During the day he had broadcasted official communications from the committee holding the convention, but no instructions were given him to broadcast any message concerning the fire alarm. What he said, there-fore, would not appear to control the determination of this con-troversy. The sounding of the fire alarm was official and denoted a call to firemen. (*Matter of Wieszczecinski* v. *Village of Sloan,* 258 App. Div. 858; *Matter of Brown,* 125 Misc. 600.) The deter-mination sought here is whether the claimant, William Stevens, is entitled to compensation at all, and if so, whether it should be paid by the fire district of Bainbridge or the fire district of Smyrna.

By section 209-i of the General Municipal Law, which was added in 1947 (L. 1947, ch. 643), a volunteer fireman outside of his own district, when he has knowledge of a fire or other occa-sion requiring the services of the fire department of the place where he is, for the time being, may report to the chief engineer or other executive officer in charge of such fire department and offer his services to assist such fire department; and if his services are accepted, he shall be entitled to all rights to the same extent as if he were a member of the fire department which he is assisting, including compensation benefits. Under section 205 of the General Municipal Law, a volunteer fireman is entitled to compensation benefits while answering a call or fire alarm, etc., or going to or returning therefrom. I know of no precedent for the exact situation in this case, as section 209-i became law in 1947. If a visiting fireman, on the sound of the fire alarm, reported to the firehouse, and his services were accepted, and after the fire, was injured on his return, he would seem to be insured under the present law. Ordinarily, if he was injured in going to the fire, his services would not be accepted; but let us

assume that his injuries did not appear serious and his services were accepted, but it later developed that injuries received in reporting to the firehouse were serious, then he would be covered by compensation. Is the rule different if the injury occurred while reporting to the firehouse if his services were not yet accepted? Section 209-i, added in 1947, is a provision to give further security to a fireman assisting in another locality; the Legislature did not see fit to go the whole length, and made the rights provisional upon the acceptance of the services by the fire officials of the district being aided. This bars the claimant from recovering from the Bainbridge fire district.

The claimant was, however, attending the drill and inspection defined in section 205 of the General Municipal Law. The law was intended to promote the morale of the volunteer firemen and insure them against injury while attending parades and in going to and coming from such parades. This coverage does not start when the parade commences and end when the parade breaks up; it continues through the ordinarily expected travels of the fireman until he returns to his home. The fact that he responded to a fire alarm is an act which can be reasonably anticipated and which is authorized by section 209-i above quoted.

Claimant's response to the fire alarm was an incident to attending the convention, and not a separate undertaking unrelated to his duties in attending the fireman's convention. He was, therefore, engaged in one of the acts for which he is entitled to compensation from the fire district of the village of Smyrna.