In the Matter of WILLIAM STEVENS, Respondent, against VILLAGE OF SMYRNA et al., Appellants. STATE INSURANCE FUND, Respondent.—The County of Chenango and Village of Smyrna appeal from an order and determination of the Chenango County Judge under section 205 of the General Municipal Law of the finding that claimant sustained injuries in the performance of his duties as a volunteer fireman and an active member of the fire department of the village of Smyrna and directing recovery from such village of medical costs and compensation for time lost by reason of such injuries. Claimant, with the fire chief, assistant fire chief and other members of his department, attended a firemen's convention at Bainbridge, Chenango County, on July 30, 1949. He participated in various exercises and contests and in a parade, all parts of the day's program. After the conclusion of the parade and during the course of a baseball game, the Bainbridge fire siren sounded. Assistant chief Hubbell, claimant and other members of their department, using the former's automobile, started to report to the Bainbridge department for service at or to see the fire. The Hubbell car, with claimant riding on the front fender, was involved in an accident in which claimant sustained his injuries. Whether or not claimant intended to offer his services to the Bainbridge department, there was no actual offer or acceptance of such services within the purview of section 209-i of the General Municipal Law. The determination below that claimant was not entitled to recover from the Bainbridge fire district was properly reached. The Village of Smyrna had not availed itself of the authority contained in subdivision 1 of section 209, as the law read in 1949, permitting outside service by its fire department. Thus that section could not operate to cast back upon such village liability for claimant's injuries sustained in Bainbridge. However, at the time of his injury, subdivision 3 of section 205, provided (as

it still does) for compensation benefits to a volunteer fireman injured while performing his duties as such "while attending any drill or inspection in which his company or department is engaged". The nature of the events in which the Smyrna department and claimant participated on the occasion under consideration comes sufficiently within the scope of a fire drill and inspection to entitle him to the relief accorded to him by the County Judge. Order unanimously affirmed, with $25 costs to claimant-respondent and against appellants. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [196 Misc. 944.]