■ In the Matter of FRED HANNA, Respondent, against VILLAGE OF CATS-KILL, INC., Appellant.— Appeal from a judgment of the Greene County Court which awarded disability benefits and medical expenses to respondent Hanna, as a volunteer fireman of the Village of Catskill, who was injured in the performance of his duties as such a volunteer fireman. The facts are not in dispute. Hanna was a volunteer fireman and a captain of the Emergency Relief Squad of Citizens Hose Company No. 5 of the Village of Catskill. He received a request from the Greene County Memorial Hospital, which is outside the village limits, that the squad's ambulance transport a woman who was dangerously ill from her home to the hospital. While moving the patient from her home Hanna was injured. The record does not clearly establish whether the place where the accident occurred is within or without the village limits. It does not appear that the call for assistance came from anyone authorized to do so by any outside municipal entity. It does appear that it had been common practice, approved by the village trustees, for the emergency relief squad to respond to ambulance calls coming from Greene County Memorial Hospital. Appellant contends only that the village is not liable because Hanna did not establish that the accident occurred within the village and because the emergency was not a public one. Section 205 of the General Municipal Law provides generally for the benefits here awarded and provides that in villages the benefits shall be a village charge. Subdivision Fourth of section 205 also provides, in substance, that if such injury occur while assistance is being rendered to a neighboring municipal entity upon its request the benefit shall be a charge upon such municipal entity. Section 209-b of the General Municipal Law provides for the organization within volunteer fire companies of emergency relief squads which "may render services in case of accidents, calamities or other emergencies in connection with which their services may be required * * * The person designated to receive calls for such services shall determine whether an emergency exists and his decision, if in good faith, as to whether or not there is an emergency shall be final in relation to dispatching such squads or firemen." Upon this record Hanna was clearly entitled to the benefits, and we think the circumstances justify the finding of liability on the part of the village. (See Matter of Weiss v. Franklin Sq. & Munson Fire Dist., 309 N. Y. 52; Matter of Stevens v. Village of Smyrna, 281 App. Div. 918; Matter of Rocque v. Village of Waterford, 2 A D 2d 716.) Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.