JOHN B. SHORT, Appellant, *v.* TOWN OF ORANGE and JOHN GOUNDRY, Respondents.

Third Department, November 15, 1916.

Towns — control over and obligation to keep highways in repair — liability for negligent acts of officers — liability of town officers for negligence — liability of town superintendent of highways for fire caused by steam tractor — evidence.

Towns in their corporate capacity have no control over and are not under obligation to keep highways in repair.

Towns are not liable for the negligent acts of their officers in the absence of statutory provisions.

The rule of *respondeat superior* does not exist between a town and its officers.

A town is not liable for damages caused by a fire started by a steam tractor which had been purchased for and was being used by the town superintendent of highways.

The officers of a town are liable for their negligence in the performance of their official duties.

In an action against a town and its superintendent of highways for alleged negligence resulting in the burning of plaintiff's barn which caught fire from a spark from a tractor being used by the superintendent, it appeared that, although the superintendent had procured a spark arrester and placed it on the smokestack, there were holes in it at the time of the fire, through which sparks were emitted.

*Held*, that the complaint was properly dismissed as against the town, but that there was a question for the jury as to whether or not the superintendent had been negligent in allowing the use of the tractor in its defective condition.

APPEAL by the plaintiff, John B. Short, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Schuyler on the 13th day of May, 1916, upon the dismissal of the complaint by direction of the court at the close of the case, and also from an order entered in said clerk's office on the same day, granting the motion for a nonsuit and dismissing the complaint.

The town of Orange leased a steam tractor for use in repairing highways. While proceeding along one of the highways of the town it stopped about twenty-two feet from a barn of the plaintiff. The person in charge thereof applied a device known as a "blower" for the purpose of generating more

steam so as to propel the tractor on its journey. The effect of this was to increase the draft and a spark from the smokestack was blown by the wind against the plaintiff's barn causing its destruction. The tractor had been equipped with a spark arrester by the town superintendent of highways but immediately after the fire it was found to contain several holes. The plaintiff brings this action for negligence against both the town and its superintendent of highways. At the trial the jury rendered a special verdict in favor of plaintiff and a motion to dismiss the complaint reserved until after such verdict was subsequently granted by the trial justice as to both defendants.

*Bertrand W. Nye,* for the appellant.

*E. A. & E. C. Barkman* [*Lewis H. Watkins* of counsel], for the respondents.

COCHRANE, J.:

Towns in their corporate capacity have no control over and are not under obligation to keep highways in repair. (*People ex rel. Van Keuren* v. *Town Auditors,* 74 N. Y. 310; *Robinson* v. *Town of Fowler,* 80 Hun, 101.)

In *People ex rel. Morey* v. *Town Board* (175 N. Y. 394), Chief Judge PARKER in epitomizing the *Van Keuren Case* (*supra*), said that the court in that case "after referring to the provisions showing that the town is not liable for the neglect of the commissioners to perform their duties, and that highways are not the property of the town nor for the use of its inhabitants alone, but are controlled by the State for the use of the whole community, although the State provides in most instances that the construction, repair and maintenance thereof shall be borne in some form by the locality of which the town is generally the unit — summed up the result as follows: 'The election of commissioners of highways by the towns is a convenient method of designating suitable public agents to discharge the duties imposed for general public purposes upon those officers, and the State has committed to the portion of the public residing in the locality, to determine within certain limits what amount of taxation shall be imposed for the support of highways. These circumstances do not,

however, make highway officers the agents of the town, so as to submit the town to liability for their acts. This view has been held by the Supreme Court in many cases.'"

That towns are not liable for the negligent acts of their officers in the absence of statutory provisions making them so liable is familiar law. They are involuntary subdivisions of the State constituted for the purpose of the more convenient exercise of governmental functions by the State for the benefit of all its citizens. The relation of *respondeat superior* does not exist between towns and its officers. In 28 American and English Encyclopædia of Law (2d ed. p. 332) the general principle is stated as follows: "A town or township cannot be made liable either for the negligence or the illegal or unauthorized acts of its officers or agents, except in those cases where the statute expressly provides that it shall be so liable, or where such acts are subsequently ratified by the town."

That a steam tractor had been provided to facilitate the work of repairing the highways creates no liability on the part of the town. The money for the construction and repair of highways has long been furnished by towns and placed in the hands of commissioners of highways for that purpose, but such fact has never been deemed to establish liability on the part of the towns for the negligence of the commissioners. Providing a steam tractor for the use of the town superintendent of highways in this instance so that he could more expeditiously and effectively perform the work of construction and repair of the highways differs in principle in no respect from providing him with funds to procure the necessary labor and material for such construction and repair. The work could be done without the tractor. With or without it the purpose was the same, namely, the improvement of highways. We are referred to no statute which imposes liability on the town because of this steam tractor and in the absence of such a statute such liability cannot be asserted without the contravention of legal principles long and firmly established. The officers of a town are liable for their negligence in the performance of their official duties, but such negligence is not at common law chargeable to the town.

Was Goundry, the town superintendent of highways, negli-

gent? He was not present at the fire and is not responsible for the negligence of the person operating the tractor in his absence. The tractor was not equipped with a spark arrester by the manufacturer because it was not deemed necessary. But five or six weeks before the fire Goundry procured a spark arrester and placed it on the smokestack. There were holes in it, nevertheless, at the time of the fire through which sparks were emitted. The man operating the tractor at the time of the fire testified that the holes were not in the center but near the edge and that they might have worn there, and that if they had burned through they would have been near the center. He further testified that the tractor after it was equipped with the spark arrester had not been in constant use. He said: "We had used the engine perhaps a week all told." Goundry was not a witness at the trial. The fact that he equipped the tractor with a spark arrester demonstrates that he knew it was dangerous to use it without such a device, and the fact that holes appeared so soon following such equipment and after so little use had been made thereof indicates that the spark arrester may have been defective when it was attached to the smokestack and the jury may have found Goundry chargeable with knowledge of such defect and that he was negligent in permitting the tractor to be used in such dangerous condition. He had the control and direction of the tractor and should not have allowed it to be used if it was dangerous. On that theory there was a question for the jury. The evidence is not strong or convincing, but sufficient to require its submission to the jury. Considering the weakness of the evidence there should be a new trial as to the defendant Goundry, rather than a reinstatement of the verdict.

The judgment and order should be affirmed, with costs as to the defendant Town of Orange, and reversed and a new trial granted, with costs to the appellant to abide the event, as to the defendant Goundry.

All concurred.

Judgment and order affirmed, with costs as to the defendant Town of Orange, and reversed and a new trial granted, with costs to appellant to abide event, as to the defendant Goundry.