FREDERICK G. SKERRY vs. SEWELL M. RICH & another.

Middlesex.   October 17, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Agency.   Municipal Corporations*, Fire department.   *Public Officer.*

Where the chief of the fire department of a city was being carried to a fire in a motor
car operated by a member of the fire department, who, while not acting under
the personal direction or orders of his chief, lost control of the car through
his negligence in driving it at an excessive rate of speed, and the car, cross-
ing the sidewalk of a public street, struck and injured a traveller thereon, the
traveller cannot recover damages for his injuries from the chief of the fire de-
partment, the member of the fire department whose negligence caused the
injury not being an employee or agent of such chief.

TORT against Sewell M. Rich and Harold Butler, respectively
the chief of the fire department of Somerville and a member of
that department, for personal injuries sustained on the evening of
May 23, 1913, when the plaintiff was travelling on foot on the
sidewalk of Cutter Street in Somerville, by being run into by
a motor car in which both of the defendants, as alleged, were
driving negligently at an excessive and unreasonable rate of
speed.   Writ dated December 4, 1914.

In the Superior Court the case was tried before *Keating*, J.
It was stated in the report that "both defendants were acting in
discharge of their duties as public officers at the time of the
accident.".

In answer to a special question submitted to them by the judge
the jury found that the defendant Butler was negligent.   By order
of the judge the jury returned a verdict for the defendant Rich.
The jury returned a verdict for the plaintiff in the sum of $433.83,
and at the request of the plaintiff the judge reported for deter-
mination by this court the question whether the ordering of the
verdict for the defendant Rich was right, with the stipulation
that, if the judge's action in ordering that verdict was correct,
judgment was to be entered for the defendant Rich on the ver-
dict.   If the ordering of the verdict was erroneous, judgment was

to be entered for the plaintiff against both the defendants in the sum found by the jury against the defendant Butler.

*W. P. Murray,* for the plaintiff.

*F. P. Garland,* for the defendants.

BRALEY, J.   The plaintiff having obtained a verdict against the defendant Butler, the only question is, whether the verdict for the defendant Rich was ordered rightly.   The defendants, being members of the fire department of the city of Somerville and in the discharge of their respective duties at the time of the accident, were public officers, and, not being servants of the municipality, they were not fellow servants.

A public officer undoubtedly is liable for personal acts of misfeasance.   But, even if Rich was the chief of the department in which Butler was a subordinate and both were riding to the fire in an automobile driven by Butler, there is no evidence which would have warranted the jury in finding that Butler when he lost control of the car through excessive speed was acting under the personal direction or orders of his chief.   It follows that Butler, through whose negligence alone the plaintiff was injured, was not an employee or agent of Rich, and the doctrine of *respondeat superior* is inapplicable.   *Moynihan* v. *Todd,* 188 Mass. 301, 305, 307.   *Farrigan* v. *Pevear,* 193 Mass. 147, 151.   *Barry* v. *Smith,* 191 Mass. 78, 91.   By the terms of the report judgment for the defendant Rich is to be entered on the verdict.

*So ordered.*