MAYME ROWLEY, Appellant, v. CITY OF CEDAR RAPIDS et al.,
Appellees.

MUNICIPAL CORPORATIONS: Torts—Officers and Agents—Pleading
1  Ministerial Character of Acts. A petition for damages against a
municipality because of the wrongful acts of municipal agents and
employees is demurrable unless the petition alleges such facts as show
that the acts complained of were *corporate* or *ministerial* (the only
acts for which the municipality would be liable), and not *govern-
mental*.

MUNICIPAL CORPORATIONS:   Officers and Agents—Personal Liabil-
2  ity for Misfeasance. A public officer, while traveling upon the public
highway in the performance of a *governmental function*, in the sense
that he is attempting to reach a point where he can *actually* perform
and consummate such function, is under the same duty to exercise
care, and subject to the same liability for want of such care, as any
other citizen. (See Book of Anno., Vol. 1, Sec. 4635, Anno. 7.)

Headnote 1:  43 C. J. pp. 924, 1219.  Headnote 2:  43 C. J. p. 938.

Headnote 1:  19 R. C. L. 1106; 22 R. C. L. 484.  Headnote 2:  10 A. L.
R. 480; 19 R. C. L. 1101.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

FEBRUARY 8, 1927.

REHEARING DENIED JULY 1, 1927.

Action at law against the city and one of its commissioners
for damages for personal injuries received by plaintiff when she
was struck by an automobile alleged to have been operated under
the personal direction of the defendant commissioner. Separate
demurrers to the petition interposed by the defendants were
sustained, and the petition dismissed. The plaintiff appeals.—
*Affirmed in part; reversed in part.*

*Johnson, Donnelly & Lynch,* for appellant.

*Charles Penningroth* and *George E. Farmer,* for appellee
City of Cedar Rapids.

*Grimm, Wheeler & Elliott,* for appellee J. D. Kennedy.

VERMILION, J.—The petition alleged that the plaintiff, while in the exercise of due care, was struck and injured by an automobile operated on the streets of the defendant city. It was alleged that the defendant Kennedy was one of the councilmen and commissioners of the city, in charge of the department of parks and public property; that the automobile belonged to, and was being driven at the time of the accident by, one Cary, who was employed by the city in the city garage; that the car was kept at the city garage, and was frequently used by the officers and agents of the city, and that the city furnished the gasoline for its operation when it was so used; that, at the time of the accident, the defendant Kennedy had been at the city garage, looking after the business and affairs of the city, and at his request and direction, was being transported to the city hall, where he desired then to go, to look after other city business; that the car was entirely subject to the control and direction of the defendant Kennedy, both as to the manner of operation and the route taken. It was alleged that the driver was incompetent, and that such fact was known to the defendants, and that the driver was guilty of specific acts of negligence, resulting in the injuries of which the plaintiff complained.

1. MUNICIPAL CORPORATIONS: torts: officers and agents: pleading ministerial character of acts.

The demurrers presented the question that the pleaded facts did not entitle the plaintiff to the relief demanded, in that it was alleged that the defendant Kennedy was in the discharge of his duties as commissioner in charge of the department of parks and public property, and that neither the city nor such officer would be liable for injuries sustained through the negligence of agents of the city while engaged in a governmental activity and in performing a governmental function of the city.

I. With respect to its liability for the negligence of its officers or employees, a city acts in a dual capacity. Generally speaking,—for it is frequently said that no exact definition is possible,—it acts, on the one hand, in a governmental capacity, in control and government of its inhabitants, by virtue of the authority of sovereignty delegated to it by the state. For negligence of its officers and employees in the exercise of this governmental function it is not liable. It also acts in a corporate or

quasi private capacity for the private advantage of inhabitants of the city, and for the city itself, in the exercise of a ministerial or proprietary function, and in such case is liable, under the doctrine of *respondeat superior,* for the negligent acts of its servants and employees. *Hines v. City of Nevada,* 150 Iowa 620; *Bradley v. City of Oskaloosa,* 193 Iowa 1072; *Incorporated Town of Sibley v. Ocheyedan Elec. Co.,* 194 Iowa 950; *Miller Grocery Co. v. City of Des Moines,* 195 Iowa 1310; *Norman v. City of Chariton,* 201 Iowa 279; *Harris v. City of Des Moines,* 202 Iowa 53.

The petition states only that the defendant Kennedy was, at the time of the accident, being transported from one point, where he had been looking after the city's business and affairs, to another point, where he was to look after other city business. The nature of the business upon which he was employed is not otherwise disclosed. There is nothing to indicate that the business related to the exercise of a ministerial, rather than a governmental, function of the municipality, or even that it related to the department of parks and public property, of which he was in charge. If an inference should be indulged that it did so relate to such department, it would still be quite inconclusive; for it is obvious that the head of that department might do many things in relation to the city's property that would be an exercise of the city's ministerial function and many things in respect to its parks that would be governmental in character. *Norman v. City of Chariton,* supra. There is nothing in the use of the word "business" itself from which any conclusion in that respect can be drawn. In its broader sense, it means that which engages time, attention, or labor. In a restricted sense, it may denote an occupation or employment for gain. It utterly fails, even as a mere colloquialism, to distinguish an act performed in the exercise of a ministerial function from one that is governmental in character.

Unless it can be said that the plaintiff was required to do no more, in order to state a good cause of action against the city, than to allege that its officer or employee whose negligence was charged was acting for the city and within the scope of his duty or employment, and that the fact that such officer or employee was in the performance of a governmental act was purely defensive, the petition was clearly insufficient, as against the city.

In *Jones v. City of Sioux City*, 185 Iowa 1178, where an automobile belonging to, and driven by an employee of, the city caused the death of plaintiff's intestate, the defendant pleaded as an affirmative defense that the city was acting in a governmental capacity in the operation of the car. The testimony on behalf of the plaintiff tended to show that the car was carrying policemen to their beats. We said that the city in so doing was not acting in a governmental capacity. We further said:

"In view of a new trial, we think it proper to say that the burden of proof was upon the defendant to first introduce evidence to establish the affirmative defense pleaded by it, that the automobile and the driver, Callander, were engaged in a governmental act. Especially is this so since defendant pleads this matter affirmatively. * * * In any event, the evidence introduced by plaintiff made a prima-facie case."

This pronouncement does not, however, meet the question here. The matter of pleading was not involved in that case. The defendant was merely held to the burden of introducing evidence of a pleaded affirmative defense. That no question of proper pleading was being determined is apparent from the quoted statement, that, in any event, the plaintiff had made out a prima-facie case.

The precise question now before us was given careful consideration by the court of appeals of Kentucky, in *City of Bowling Green v. Bandy*, 208 Ky. 259. (270 S. W. 837). The court there said:

"The question is therefore one of practice, i. e., whether it is the duty of the plaintiff in such a case to show by his pleading and establish by his proof a case for which the municipality would be liable; or will it be presumed, in the absence of such allegations, that the case is one for which liability exists and requiring defendant to manifest its non-liability in its answer by averring that the duties of plaintiff when he was injured, and on which he seeks recovery, were being performed as a servant of the city when it was engaged in the performance of a governmental function?"

It was held, in effect, that the petition, which did not allege facts showing that the act complained of was committed in the performance of a ministerial act, was insufficient. The court discussed the case of *Jones v. City of Sioux City*, supra, point-

ing out wherein it was deemed not to be controlling on the question.

In *City of Tuscaloosa v. Fitts,* 209 Ala. 635 (96 So. 771), the court, speaking to the question in hand, said:

"Each count, to be sufficient under demurrer, should affirmatively aver facts showing the liability of the defendant. * * * Each count should allege facts showing the purpose for which the wagon and mule were being used by the city's agent at the time of the injury to the glass. This purpose should be the performance of a ministerial work, and not a governmental function of the city, and it should affirmatively appear to be a negligent performance of a ministerial act * * *."

The Supreme Court of Oregon, in *Caspary v. City of Portland,* 19 Ore. 496 (24 Pac. 1036), after citing authorities to the proposition that, to hold a municipal corporation liable under the doctrine of *respondeat superior* for the wrongful acts or negligence of an officer, it must appear, among other things, that the wrong was done by the officer while in the legitimate exercise of some duty of a corporate nature, said:

"The foregoing citations abundantly show that there is no *general* liability on the part of a municipal corporation for the acts of its officers or servants, and that, if such liability exist in any instance, it is because of the particular facts of the case. We think the better rule of pleading in such actions is to allege in the complaint the facts upon which the pleader relies for a recovery,—in other words, to plead specifically. In any event, enough must be alleged to show that the city was not acting in its governmental capacity as one of the agencies of the state in enforcing the necessary health and police regulations within its limits, and that the wrong complained of was done by an officer of the city while in the legitimate exercise of some duty of a corporate nature which was devolved upon him, by law or by the direction or authority of the corporation."

See, also, 19 Ruling Case Law 1082, 1083, and 28 Cyc. 1465, 1466.

Cases holding that a given act of an employee of a city, under pleaded or proven facts, was done in the exercise of a ministerial function, and imposed a liability on the city, are not in point. Here we have, in this respect, no facts pleaded upon which a liability on the part of the city can be predicated.

Since the city would only be liable for the negligence of its agent or employee when engaged in the performance of an act done in the exercise of its ministerial function, the petition, which failed to allege any fact so showing, was open to demurrer.

II. With respect to the liability of the defendant Kennedy under the allegations of the petition, a somewhat different question is presented. It is not questioned but that the allegations were sufficient to show responsibility on his part for the alleged negligence of the driver of the car. The demurrer on his behalf raised only the question that, since it was alleged, as it was claimed, that Kennedy was in the performance of his official duty, and in the exercise of a governmental function of the city, he was not liable for negligence. If it should be conceded, as the demurrer assumed, that Kennedy was engaged in the performance of a governmental duty in proceeding from one point to another on the city's business, still we think the demurrer on his behalf was improperly sustained.

2. MUNICIPAL COR-
PORATIONS: offi-
cers and agents:
personal liabil-
ity for mis-
feasance.

We have held, it is true, that an agent who performs a governmental function on behalf of a county is no more responsible for negligence in so doing than the corporation for which he acts. *Snethen v. Harrison County,* 172 Iowa 81; *Gibson v. Sioux County,* 183 Iowa 1006. In these cases, negligence was charged on the part of the members of the board of supervisors in respect to permitting various defective conditions to exist in a public highway. In great measure, the acts charged as negligence were acts of nonfeasance, and they all related to alleged negligence in respect to the condition of the highway and the things done or omitted in preparing it for use. In *Wood v. Boone County,* 153 Iowa 92, where it was said that it would be an anomalous doctrine that would exempt a corporation itself from liability for the doing of a lawful act in a negligent manner, on the ground of its compulsory agency in behalf of the public welfare, and at the same time affix liability upon the agent for precisely the same act, done under express authority, the act complained of was one of nonfeasance,—the failure to furnish relief to a pauper. We recognized *arguendo* that, if the agent undertook to furnish relief, he might be personally liable for a negligent performance, although the county would not. We think that these cases and the doctrine there announced have no application to

the facts pleaded here. Aside from the distinction between a county and a city, which would perhaps not be controlling where the officer of a city was engaged in the performance of a governmental duty, there is a well recognized distinction between acts of nonfeasance and those of misfeasance, and also, we think, so far as the personal liability of the agent is concerned, between an act of negligence which is committed while the agent or officer is engaged in the performance of an official duty, but which is otherwise unrelated to such duty, and the negligent performance of the duty itself. Could it be said that a member of the board of supervisors, when traveling in performance of his official duty to repair a highway, could escape personal liability for an injury negligently inflicted upon one whom he met on the way, because of the official character of his errand, although he would not be liable for a negligent performance of his mission to repair the highway? In *Goold v. Saunders,* 196 Iowa 380, we said:

"A public official may be guilty of negligence in the performance of official duties for which his official character gives him no immunity."

The Supreme Judicial Court of Massachusetts in *Moynihan v. Todd,* 188 Mass. 301 (74 N. E. 367), in a well considered opinion, in which authorities are extensively reviewed, said that the principle underlying the rule that exempts public officers from liability for negligence in the performance of public duties goes no further than to relieve them from liability for nonfeasance and for the misfeasance of their servants or agents, but that:

"For a personal act of misfeasance, we are of opinion that a party should be held liable to one injured by it, as well when in the performance of a public duty as when otherwise engaged."

In *Skerry v. Rich,* 228 Mass. 462 (117 N. E. 824), it was said:

"A public officer undoubtedly is liable for personal acts of misfeasance."

In *Perkins v. Blauth,* 163 Cal. 782 (127 Pac. 50), the court, while recognizing that municipal corporations are not liable for dereliction or remissness of municipal officers or agents in the performance of public or governmental functions of the city, said that the agent would be responsible for his tortious acts, although the municipality would not.

In *Florio v. Jersey City,* 101 N. J. Law 535 (129 Atl. 470, 40 A. L. R. 1353), it was held that the driver of a municipal fire truck was liable for injuries negligently inflicted by him in the performance of his duty, although the city was not liable. The court said:

"We think a sound public policy requires that public officers and employees shall be held accountable for their negligent acts in the performance of their official duties, to those who suffer injury by reason of their misconduct. Public office or employment should not be made a shield to protect careless public officials from the consequences of their misfeasance in the performance of their public duties."

In *Manwaring v. Geisler,* 191 Ky. 532 (230 S. W. 918, 18 A. L. R. 192), where a police officer on a motor cycle struck and injured a child, the court said:

"Nor is a peace officer exonerated from liability for an injury inflicted while in the discharge of official duties, on another, on the ground of public necessity, if the officer failed to exercise reasonable care for the protection of those whom he knew or by the exercise of reasonable judgment should have expected to be at the place of the injury, although he may not be criminally liable."

See, also, *Worth v. Dunn,* 98 Conn. 51 (118 Atl. 467); *Aaron v. Broiles,* 64 Tex. 316 (53 Am. Rep. 764); *Kusah v. McCorkle,* 100 Wash. 318 (170 Pac. 1023, L. R. A. 1918C 1158); *Short v. Town of Orange,* 175 App. Div. 260 (161 N. Y. Supp. 466).

It was alleged, along with other acts of negligence, that the automobile operated by Cary under the direction of the defendant Kennedy was proceeding in an easterly direction on one street, and turned to the north into another street, and that it was negligently turned to the left-hand side of the center of the intersection, "cutting the corner," and struck the plaintiff, who was proceeding across the street into which the car turned at the intersection. Section 26 of Chapter 275, Acts of the Thirty-eighth General Assembly (Section 5033, Code of 1924), required that, in making such a turn, the car should pass to the right of and beyond the center of the intersection before turning. A violation of the statute was prima-facie negligence. *Carlson v. Meusberger,* 200 Iowa 65.

The fact that the defendant Kennedy was an officer of the city, and that, at the time, he was traveling the streets upon business of the city in its governmental capacity (if the petition be conceded to so show), did not relieve him from the duty to exercise ordinary care in so doing, or from a proper observance of a statutory requirement. The demurrer filed by him should have been overruled.

The judgment, in so far as it sustained the demurrer of the defendant city, is affirmed; but, in so far as it sustained that of the defendant Kennedy, it is reversed.—*Affirmed in part; reversed in part.*

EVANS, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.