AUGUSTA C. OTTMANN, as Administratrix of the Estate
of MILFORD H. OTTMANN, Deceased, Appellant, *v.*
VILLAGE OF ROCKVILLE CENTRE et al., Respondents,
Impleaded with Another.

Argued January 13, 1937; decided March 9, 1937.

*John R. Vunk, Malcolm G. Bibby* and *Harold Ashare*
for appellant.   The construction placed upon section

282-g of the Highway Law (Cons. Laws, ch. 25) by the Appellate Division is erroneous. (*Miller* v. *Town of Irondequoit,* 243 App. Div. 240; 268 N. Y. 578; *Miller* v. *City of Albany,* 286 N. Y. Supp. 326; *Cohen* v. *Neustadter,* 247 N. Y. 207; *Leppard* v. *O'Brien,* 225 App. Div. 162; *Waller* v. *Harris,* 20 Wend. 555.) Section 282-g of the Highway Law is by its express terms applicable to all classes of individuals sustaining injury to person or property by the negligence of the driver of a municipal owned vehicle. (*McGovern* v. *City of New York,* 235 N. Y. 275; *Osborn* v. *Cardeza,* 208 N. Y. 131; *Rich* v. *Manhattan R. Co.,* 150 N. Y. 542.)

*Irwin T. Longworth, Jr.,* and *William J. Sullivan* for respondents. Section 282-g of the Highway Law was enacted for the benefit of persons who are strangers to the governmental service being rendered by a municipal owned vehicle; and it does not make the municipality liable for injuries to one member of a municipal department due to the negligence of another member of the department while both are engaged in the same governmental duty. (*Miller* v. *Town of Irondequoit,* 243 App. Div. 240; 268 N. Y. 578; *Miller* v. *City of New York,* 235 App. Div. 259; *Sheldon* v. *Carpenter,* 4 N. Y. 579.) If the operator of the fire truck was an employee of the village by reason of section 282-g of the Highway Law, the deceased also must be deemed to be an employee, and the village is not liable to one for the negligence of another. (*Anthony* v. *Leeret,* 105 N. Y. 591; *Coon* v. *Syracuse & Utica R. R. Co.,* 5 N. Y. 492; *Tinney* v. *Boston & Albany R. R. Co.,* 52 N. Y. 632.)

O'BRIEN, J. Milford H. Ottmann was a volunteer fireman of the village of Rockville Centre. While riding with other firemen on a fire truck belonging to the village and driven by Otto Stoye, a member of the same company, he was fatally injured in a collision between the truck and another motor car. The fire truck was at the time in use on official business and Stoye, the driver, was

acting in the discharge of his duties and within the scope of his employment. Assuming the driver to be negligent and Ottmann free from negligence, the question of law remains whether the village is liable. Appellant relies upon the provisions of section 282-g of the Highway Law (Cons. Laws, ch. 25) which was in effect at the time of the fatal collision (now General Municipal Law, § 50-b).

Consideration of section 205 of the General Municipal Law (Cons. Laws, ch. 24) is essential for the purpose of ascertaining the intent of section 282-g of the Highway Law. Prior to the enactment of section 282-g, a municipal corporation was wholly exempt from liability for negligent acts of its employees while engaged in the performance of a governmental function. For the purpose of creating a partial remedy, at least so far as the operation of municipally owned vehicles is concerned, in behalf of those who were then without any redress, this section of the Highway Law was enacted. Its language does not imply an intent to afford additional protection to those for whom the Legislature had already provided. A contrary inference is natural. For many years antedating the enactment of section 282-g of the Highway Law, compensation for the death of a volunteer fireman resulting from injuries incurred in the performance of his duties was accorded to his personal representatives by section 205 of the General Municipal Law. Such compensation was available without regard to the fact that the fireman's death may or may not have been caused by negligence of fellow-employees or others. It included negligence. In any event the remedy existed and there is no reason to infer that by the amendment to the Highway Law the Legislature intended to do more than to bestow a remedy upon victims or their representatives who would otherwise be without redress in the event of injury or death caused by the negligence of a municipal employee engaged in the performance of a government function.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; FINCH, J., taking no part.

Judgment affirmed.