AUGUSTA C. OTTMANN, as Administratrix of the Estate of MILFORD H. OTTMANN, Deceased, Appellant, *v.* VILLAGE OF ROCKVILLE CENTRE et al., Respondents, Impleaded with Another.

Reargued June 11, 1937; decided July 13, 1937.

*Malcolm G. Bibby* and *John R. Vunk* for appellant. Public officers are individually liable for their negligence in the performance of their duties. (*Moynihan* v. *Todd*, 188 Mass. 301; *Perkins* v. *Blauth*, 163 Cal. 782; *Voltz* v. *Orange Volunteer Fire Co.*, 172 Atl. Rep. 220; *McCarty* v. *Bauer*, 3 Kan. 237; *Bailey* v. *New York*, 3 Hill, 531; *McGuinness* v. *Allison Realty Co.*, 111 App. Div. 926; *Short* v. *Orange*, 175 App. Div. 260; *Sauer* v. *F. & D. Co.*, 192 Ky. 758; *Rounds* v. *Munford*, 2 R. I. 154; *Aaron* v. *Broiles*, 64 Tex. 316; *Florio* v. *Jersey City*, 101 N. J. L. 535.) The respondent driver of the fire apparatus is answerable in damages for the death of decedent and the careless manner in which he operated the fire truck when no emergency existed. (*Florio* v. *Jersey City*, 101 N. J. L. 535; *Skerry* v. *Rich*, 228 Mass. 462; *Voltz* v. *Orange Volunteer Fire Co.*, 172 Atl. Rep. 220; *Rowley* v. *City of Cedar Rapids*, 212 N. W. Rep. 158; *Short* v. *Town of Orange*, 175 App. Div. 260.) Respondent and decedent were not engaged in a joint venture and the negligence of respondent may not be imputed to the decedent. (*Denver Tramway Co.* v. *Orbach*, 64 Col. 511; *Elyton Land Co.* v. *Mingea*, 89 Ala. 521; *McBride* v. *Des Moines City R. R. Co.*, 134 Iowa, 398; *McKernan* v. *Detroit Citizens St. R. R. Co.*, 138 Mich. 519; *Norwood* v. *Crossett*, 207 Ala. 222; *Donoghue* v. *Holyoke St. R. R. Co.*, 246 Mass. 485; *Grand Rapids* v. *Crocker*, 219 Mich. 178; *Oklahoma R. R. Co.* v. *Thomas*, 63 Okla. 219; *Brockstedt* v. *Meltzer*, 111 Atl. Rep. 812; *Scheib* v. *N. Y. City R. R. Co.*, 115 App. Div. 578; *Sommerfield* v. *Flury*, 223

N. W. Rep. 408; *Vandell* v. *Sanders*, 155 Atl. Rep. 193.) The decedent assumed only the usual risk. He did not assume risks caused by the negligent acts of the driver. (*Farley* v. *Mayor*, 152 N. Y. 222; *Heavey* v. *Hudson River Water Power & Paper Co.*, 57 Hun, 339; *Muhs* v. *Fire Ins. Salvage Corps*, 89 App. Div. 389; *Maloney* v. *Hearst Hotels Corp.*, 274 N. Y. 106.)

*William J. Sullivan* and *Irwin T. Longworth, Jr.*, for respondent. As a volunteer fireman and operator of the fire truck, respondent was engaged in the performance of a governmental duty, and the doctrine of sovereign immunity protects him from personal liability. (*Bartlett* v. *Crozier*, 17 Johns. 439; *Newell* v. *Wright*, 3 Allen, 166.) The decedent, when he entered upon his duties as a volunteer fireman, assumed the usual risks attendant upon riding on a fire truck. (*Farley* v. *Mayor*, 9 App. Div. 536; 152 N. Y. 222; *Coots* v. *City of Detroit*, 75 Mich. 628; *Matter of Smith* v. *Village of Sea Cliff*, 146 Misc. Rep. 685; *Gibson* v. *Erie Ry. Co.*, 63 N. Y. 449; *Ingersoll* v. *Onondaga Hockey Club, Inc.*, 245 App. Div. 137; *Blakely* v. *White Star Line*, 154 Mich. 635; *Murphy* v. *Steeplechase Amusement Co.*, 250 N. Y. 479.)

HUBBS, J. This is an action by the administratrix of Milford H. Ottmann to recover damages growing out of the death of appellant's intestate caused by the negligence of the respondent Otto Stoye, who was a volunteer fireman and driver of a fire truck. Deceased was also a volunteer fireman and was riding on the truck at the time of the accident which caused his death.

The jury found a verdict against the village and the respondent Stoye. The judgment entered thereon was reversed by the Appellate Division on the law. We decided in this case (reported in 273 N. Y. 205) that the village was not liable and affirmed the judgment. The question now presented is whether Stoye, the driver of the truck, is liable for his negligence which resulted in decedent's death.

Briefly, the sole question here presented is whether one volunteer fireman is liable to another volunteer fireman, injured by his personal negligence. Ordinarily, one is liable for his own negligence. It is urged that the general rule does not apply in an action by one volunteer fireman serving without pay against another as both are engaged in a joint enterprise involving a governmental duty and that each assumes the risk growing out of the relationship. Certain. public officers are immune from liability for injuries inflicted upon others while faithfully performing the duties of their office. The privilege is in some cases absolute, in others conditional. So too, municipal corporations are, in the performance of governmental functions, absolved from liability. (Harper on the Law of Torts, § 295.)

" The modern tendency is against the rule of non-liability." (*Augustine* v. *Town of Brant*, 249 N. Y. 198, 205.)

The principle underlying the granting of such privilege has no application to the relation of governmental employees, agents or officers in their conduct toward each other. As between them, the general principle of. law applies. They are bound to exercise reasonable care in the circumstances.

Sound public policy requires that one injured by the negligent act of another engaged in a public service should be permitted to recover the damages suffered as a result of such misconduct. Public service should not be a shield to protect a public servant from the result of his personal misconduct. How inequitable the contrary rule would be is illustrated by the case at bar. Although the jury has found that intestate met his death as a result of the negligence of the respondent driver of the fire truck, the municipality is not liable and we so decided. If it be held that the driver is also free from liability, there would be no liability on the part of any one for the negligent act which caused decedent's death. We

believe the law to be that a servant, agent or officer of a municipality is required to do his work in a reasonably careful manner and that if he fails to do so and another is injured because of his negligence he is personally responsible, the same as any other person who has by his misconduct caused injury. (*Moynihan* v. *Todd*, 188 Mass. 301; *Skerry* v. *Rich*, 228 Mass. 462; *Voltz* v. *Orange Volunteer Fire Assn., Inc.*, 118 Conn. 307; *Manwaring* v. *Geisler*, 191 Ky. 532; *Rowley* v. *City of Cedar Rapids*, 203 Iowa, 1245; 53 A. L. R. 375; *Worth* v. *Dunn*, 98 Conn. 51; *Florio* v. *Mayor of Jersey City*, 101 N. J. L. 535; *Rounds* v. *Mumford*, 2 R. I. 154; *Bailey* v. *New York*, 3 Hill, 531; 22 R. C. L. p. 484, vol. 7, Permanent Supplement, p. 5220, and cases cited.)

The Legislature has recognized the fact that volunteer firemen were liable for personal negligence by the enactment of section 50 (c) and section 205 (b) of the General Municipal Law (Cons. Laws, ch. 24), by which the municipalities expressly assumed that liability.

The doctrine of joint enterprise does not apply in an action by an occupant of a car against a driver. It applies only to third persons. Appellant's intestate did not have joint control of the truck. Neither did he assume the risk of the driver's negligence. (Harper on the Law of Torts, § 148, note 50, and cases cited; Huddy on the Law of Automobiles [8th ed.], § 814; *City of Grand Rapids* v. *Crocker*, 219 Mich. 178, 192; *Donoghue* v. *Holyoke St. Ry. Co.*, 246 Mass. 485; *O'Brien* v. *Woldson*, 149 Wash. 192; 62 A. L. R. 436, and note; *Webb* v. *Elmira Water, Light & R. R. Co.*, 144 Misc. Rep. 506; *Wilmes* v. *Fournier*, 111 Misc. Rep. 9; affd., 194 App. Div. 950; *Bailey* v. *Jourdan*, 18 App. Div. 387; *Geary* v. *Metropolitan St. Ry. Co.*, 84 App. Div. 514; affd., 177 N. Y. 535.)

If appellant's intestate had been injured through the negligence of a third party, the third party as a defense could not have prevailed by establishing that the driver

was negligent. His negligence could not have been imputed to appellant's intestate. (*Bailey* v. *Jourdan, supra; Geary* v. *Metropolitan St. Ry. Co., supra.*)

The sections of the General Municipal Law cited were enacted after this cause of action arose and are not controlling in this case.

The judgment of the Appellate Division should be reversed as to the respondent Stoye and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIP-PEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.