In the Matter of the Claim of EMMA G. SCHRAEDER, for Herself and for ROB-
ERT SCHRAEDER and Another, Infants, Respondent, against MENDON VOLUNTEER
FIRE CO. et al., Appellants, and TOWN OF MENDON, MONROE COUNTY, et al.,
Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from
decision and award of the Workmen's Compensation Board. The issue turns
upon the respective liability of two insurance carriers to make payments into the
Aggregate Trust Fund in a death case. The respondent National Grange Mutual
Liability Insurance Company insured the Town of Mendon by a standard work-
men's compensation policy and additionally against liability under section 205
of the General Municipal Law. That section provides for certain direct benefits
payable in case of death or injury to volunteer firemen. The appellant Ameri-
can Employers' Insurance Company provided the same scope of coverage to
the Mendon Volunteer Fire Co. and Mendon Fire District. The fire district
was within the town of Mendon. Decedent was killed in the course of employ-
ment as a volunteer fireman and a judgment was rendered by the County Court
of Monroe County assessing liability under section 205 of the General Municipal
Law, solely against the town on the theory that the statute literally imposes a
liability on a town, but not on a fire company or fire district. There was thus
an adjudication binding on the town of sole responsibility for the special liability
under section 205. Liability for workmen's compensation begins only where
this special statutory liability ends. It is an excess liability. The compensation
benefits payable to volunteer firemen shall exist only where regular benefits
"exceed" those created by section 205. (See Workmen's Compensation Law,
§ 3, subd. 1, group 17.) No liability arose against the fire company or fire

district for workmen's compensation benefits until these had exceeded the amount for which the town was liable under the judgment of the County Court. As to such excess the two carriers were equally liable, and under the original actuarial calculation made under the direction of the board each was to deposit one half of $18,722.48 in the Aggregate Trust Fund. Under a second calculation which the board approved the appellants were to deposit $12,064 and the respondent town $6,481. The effect of this is that the appellants were required to share a part of the liability under section 205 for which the statute imposed upon them no liability and which had been so determined by a court having jurisdiction. Decision and award reversed on the law, with costs against the respondent town and its carrier, and the claim remitted to the board for proceedings consistent herewith. Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ., concur. [See *post,* p. 1028.]