BETTY-JANE H. BAUMAN, as Executrix of BERNARD E. BAUMAN, Deceased, Plaintiff, *v.* TOWN OF IRONDEQUOIT et al., Defendants.

Supreme Court, Special Term, Monroe County, May 15, 1953.

*Ellsworth A. Van Graafeiland* for defendants.

*Arthur V. D. Chamberlain* for plaintiff.

ROBERTS, J. The plaintiff in this negligence action seeks to recover damages for the death of her testate husband, Bernard E. Bauman, a volunteer fireman who met his death August 27, 1952.

Defendants have made this motion under rule 106 to dismiss the complaint on the grounds that the court does not have jurisdiction of the subject of the action and that the complaint does not state facts sufficient to constitute a cause of action. The basis of the motion as stated on the argument is that plaintiff's testate, being a volunteer fireman, comes within the provisions of the Workmen's Compensation Law and within the provisions of section 205 of the General Municipal Law and that the remedies there provided constitute the exclusive remedy of the plaintiff. On the other hand plaintiff takes the position that the deceased was not an employee of the defendants, or at least not an employee of the defendant town, that the applicable provisions of the Workmen's Compensation Law are unconstitutional, and that section 205 of the General Municipal Law does not bar the present action. These are the only questions which will be considered or decided.

The action arises out of an unfortunate occurrence in which four men lost their lives by asphyxiation in a sewer manhole. The complaint alleges that the defendant, Town of Irondequoit, is a municipal corporation and that the defendant, Laurelton Fire District, is a municipal and public corporation duly established as required by law, which on behalf of said town maintains a fire department within said district; that on August 27, 1952, the agents and employees of the defendant, Town of Irondequoit, summoned the fire department to render assistance to two men who had become asphyxiated in a manhole of a sewer which was located within said fire district, and that plaintiff's testate and one Arthur E. Sink responded to said call; that plaintiff's testate at the time was a member of said volunteer fire department, that he received no compensation for his services but was subject to the rules and regulations promulgated by the defendant fire district, and in the performance of his duty as a volunteer fireman entered the manhole to attempt a rescue and while doing so, met his death by asphyxiation. Various acts of negligence are alleged among which are that the town negligently constructed and maintained the sewer and permitted the manhole to become covered with dirt so that it was improperly ventilated and carbon dioxide gas was permitted to accumulate; that defendant fire district was negligent in failing to furnish proper masks and equipment and that both defendants were negligent in permitting plaintiff's testate to enter the manhole without adequate equipment after three men had been asphyxiated therein.

By chapter 384 of the Laws of 1935 it was made optional to include volunteer firemen within the provisions of the Workmen's Compensation Law. Their inclusion within the provisions of that statute was required for the first time by chapter 794 of the Laws of 1947 which became effective March 1, 1948. That act now defines " employer " as including a municipal corporation, fire district or other political subdivision of the State (Workmen's Compensation Law, § 2, subd. 3). " Employee " is defined as including volunteer firemen (Workmen's Compensation Law, § 2, subd. 4). " Employment " includes service of a volunteer fireman (Workmen's Compensation Law, § 2, subd. 5). " Wages " is defined in the case of volunteer firemen as the money rate which applies to his regular vocation or the amount of his regular earnings in such vocation (Workmen's Compensation Law, § 2, subd. 9). Among hazardous employments are included that of volunteer firemen but it is provided that the benefits payable to such volunteer fireman shall only be so much as the benefits under the Compensation Law exceed the benefits under section 205 of the General Municipal Law (Workmen's Compensation Law, § 3, subd. 1, group 17). Liability for providing compensation for volunteer firemen is covered by section 10 of the Act.

For the purpose of this motion it must be determined from the facts pleaded whether plaintiff's testate was an employee of the defendant fire district or of the defendant town or both. It is alleged as a mere conclusion that he was an employee of neither defendant. It appears to be the position of the plaintiff that her testate was not an employee in the sense of the conventional relation of master and servant because as a volunteer fireman he received no salary. This view is untenable in view of the express provisions of the Workmen's Compensation Law. The fire district comprises only a portion of the area of the entire town. In a case involving the same fire district and the same town it has been held that a paid fireman when answering an alarm of fire was performing a duty for the fire district and not for the town (*Miller* v. *Town of Irondequoit*, 243 App. Div. 240, affd. 268 N. Y. 578). In that case the court said at page 244: " the defendant Sink was not employed in the discharge of a ' statutory duty ' imposed upon the Town of Irondequoit but was performing a legal duty assumed by the Laurelton Fire District under section 38 of the County Law. We find no statute which required the town to provide fire protection. The contrary is indicated by the provisions of law under which the Laurelton Fire District was

created to perform that function within a limited area of the township." The Workmen's Compensation Law defines " employment " among other things as follows: " ' Employment ' shall also include service of a volunteer fireman performed for and on behalf of any municipal corporation, fire district or other political subdivision of the state." (Workmen's Compensation Law, § 2, subd. 5.) The services performed by plaintiff's testate as a volunteer fireman within the Laurelton Fire District were clearly performed for and on behalf of that district. Such services were no more performed for the Town of Irondequoit than were the services of the paid firemen in the case cited. Moreover the commissioners of the fire district had power to appoint members of the fire department and remove them for cause (Town Law, § 176, subd. 10); to appoint a chief and assistant chiefs (Town Law, § 176, subd. 11-a); and to adopt rules and regulations governing the fire department and prescribing the duties of members and to enforce discipline (Town Law, § 176, subd. 11). In a compensation claim involving a volunteer fireman, a member of the same fire department, it appears that such fireman was considered an employee of the volunteer fire association and of the commissioners of the fire district (*Matter of Smith* v. *Laurelton Fire Dept.*, 279 App. Div. 291).

Where a volunteer fireman is called outside of his own district to render assistance " to another city, town, village, fire district, fire protection district (including a fire protection district served by the company or department of which such fireman is a member), fire alarm district, or territory outside any such district " upon a call from such outside municipality or district, the obligation is placed upon the other municipality or district receiving assistance to provide compensation (Workmen's Compensation Law, § 10). Had the Laurelton fire department been called upon to render assistance to a municipality or fire district outside of its own boundaries, a volunteer fireman injured in the performance of his duties while rendering such assistance might well be deemed to be performing a service for such other municipality or fire district. Such a situation would be quite similar to that of a general and special employment where an injured employee may look to one or both of his employers for compensation (*Matter of Dennison* v. *Peckham Road Corp.*, 295 N. Y. 457). That, however, is not the situation here. Although the call for assistance came from the defendant town, such call was not to render assistance in any outside territory but solely within the

boundaries of the fire district. While rendering such assistance, plaintiff's testate was performing services solely for the defendant, Laurelton Fire District, and was subject solely to the orders and directions of the fire commissioners, employees, chief and assistant chiefs of that district and its fire department. He was therefore at the time he met his death an employee of the defendant fire district and not of the defendant town.

The next question for determination is the constitutionality of the amendment to the Workmen's Compensation Law bringing volunteer firemen within the coverage of that act. The argument of the plaintiff that such amendment is unconstitutional is based upon the fact that the original Workmen's Compensation Law adopted in this State was declared unconstitutional (*Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271), and that thereafter the State Constitution was amended by the addition of section 18 of article I. Plaintiff contends that when the amendment was adopted, the words " employer " and " employee " as contained in such amendment must be deemed to have had their ordinary and accepted meaning which at that time in popular concept did not include a volunteer fireman.

Plaintiff does not point out any particular constitutional provisions which he claims to be violated by the amendment. We assume, however, that the constitutionality of the amendment is questioned upon the same grounds that the original Workmen's Compensation Law was held invalid.

Subsequent to the decision of the Court of Appeals in *Ives* v. *South Buffalo Ry. Co.* (201 N. Y. 271, *supra*), the United States Supreme Court sustained the validity of the Arizona Employers' Liability Law holding that the States had a wide range of legislative discretion in enacting compensation laws notwithstanding the provisions of the Fourteenth Amendment (*Arizona Employers' Liability Cases*, 250 U. S. 400). This decision has rendered obsolete much that was said in *Ives* v. *South Buffalo Ry. Co.* (201 N. Y. 271, *supra*) about the constitutionality of the Workmen's Compensation Law (*Matter of Evans* v. *Berry*, 262 N. Y. 61).

The original Workmen's Compensation Law involved the taking of property of private employers. The amendment bringing volunteer firemen within the act involves the taking of property only in the sense that the cost of compensation will be an added burden upon the taxpayers of various municipalities and fire districts.

Volunteer firemen render their services without any direct compensation and the payments provided were intended to be in recognition of the moral obligation owed to such firemen by the community and hence as part compensation for the services gratuitously rendered. This has been held true as to the payments provided under section 205 of the General Municipal Law (*Employers' Liability Assur. Corp.* v. *Daley,* 271 App. Div. 662, 666, affd. 297 N. Y. 745), and the same applies to the additional benefits now provided under the Workmen's Compensation Law. The courts have frequently upheld the constitutionality of legislation which has been enacted to discharge a moral obligation or duty of the State or a subdivision thereof even though it places an added burden on the taxpayers and is in that sense the taking of property. (*Matter of Evans* v. *Berry,* 262 N. Y. 61, *supra*; *Munro* v. *State of New York,* 223 N. Y. 208; *People* v. *Westchester Co. Nat. Bank,* 231 N. Y. 465, p. 476; *Jackson* v. *State of New York,* 261 N. Y. 134, 139; *Darlington* v. *Mayor of City of New York,* 31 N. Y. 164, 189; *Matter of Young* v. *Town of Kortright,* 148 Misc. 431, revd. on other grounds, 241 App. Div. 188.)

The amendment to the Workmen's Compensation Law covering volunteer firemen is constitutional.

The benefits provided by the Workmen's Compensation Law are exclusive and no other remedies against the employer are available (Workmen's Compensation Law, § 11). Where the complaint discloses that the injured party comes within the provisions of this law a dismissal of the same under rule 106 is proper (*Cifolo* v. *General Elec. Co.,* 305 N. Y. 209).

The benefits provided by the Workmen's Compensation Law are only in excess of those provided by section 205 of the General Municipal Law. While the benefits provided by the latter statute appear to constitute the exclusive remedy against the municipality or district obligated to pay the same (*Ottmann* v. *Village of Rockville Centre,* 273 N. Y. 205), the right of a fireman or his estate to maintain an action against a third party is clearly recognized. (*Ottmann* v. *Village of Rockville Centre,* 275 N. Y. 270; *Employers' Liability Assur. Corp.* v. *Daley,* 271 App. Div. 662, affd. 297 N. Y. 745, *supra*.) If the liability for making the payments provided for in section 205 of the General Municipal Law rests solely upon the fire district, the benefits so provided would, together with the benefits under the Workmen's Compensation Law, constitute the exclusive remedy here available to the plaintiff as against the fire

district but would not preclude the maintenance of the common-law action against the defendant town.

In paragraph First of section 205 it is provided that where an active member of a volunteer fire department in any fire district of a town outside of an incorporated village dies from injuries incurred in the performance of his duties the " town shall pay as follows:" Paragraph Fourth of the same section provides in part as follows: " If such fireman was a member of a fire company in a fire district outside of a city or an incorporated village, such sum shall be a town charge, audited and paid in the same manner as town charges, *and shall be assessed upon the property in such fire districts liable to taxation*, and levied and collected in the same manner as town charges." (Emphasis supplied.) Thus, the statute by its express language places the liability for the payment of the benefits provided upon the taxable property in the fire district. The commissioners of the fire district are also empowered to insure the members of the fire department of the district against injury or death in the performance of their duties (Town Law, § 176, subd. 19). The State Comptroller has rendered an opinion covering this precise point, which reads in part as follows: " It must be remembered, however, that the fire districts in towns are district corporations and are units of government separate from the town unit (see Constitution, Article VIII, section 3, Article X, section 5; General Corporation Law, section 3 (3); Article 11 of the Town Law, generally; Local Finance Law, section 2.00 (3a). While section 205 imposes a duty upon the town to pay benefits to firemen in the first instance, the liability, in the case of fire districts, is actually a fire district liability and not a town liability. We believe that this is now forcibly brought out by the Workmen's Compensation Law, sections 10 and 50 (4), as well as by the Town Law, section 176 (19 and 28)." (4 Op. St. Comptroller, 1948, pp. 209–210.)

The benefits available to volunteer firemen are now integrated under the General Municipal Law and the Workmen's Compensation Law. This is illustrated by the fact that municipal corporations and fire districts are empowered to procure insurance indemnifying against liability imposed under the Workmen's Compensation Law but such contracts of insurance must also indemnify against the liability imposed under the General Municipal Law (Workmen's Compensation Law, § 10). It would create an anomalous situation if the benefits provided by one statute constituted a liability of the town while

the benefits payable under the other constituted a liability of the fire district. A reasonable interpretation of the statutes when considered together is that the liability created by each is a liability of the fire district only.

The conclusion reached is that section 205 of the General Municipal Law imposes no liability on the defendant town and hence does not preclude the maintenance of this action against said town.

Motion is granted to the extent that the complaint is dismissed as against the defendant, Laurelton Fire District, but otherwise denied, without costs.