Claimant, a volunteer fireman, sustained an accident in the firehouse of the Tallman Fire District on July 29, 1952. He has recovered benefits under section 205 of the General Municipal Law exceeding any workmen’s compensation to which he would be entitled. Involved here are only payments for medical expenses in excess of $500, and the controversy is really between two carriers. Tallman Fire District carried a policy covering benefits under the General Municipal Law and the Workmen’s Compensation Law with the Employers’ Liability Assurance Corporation, Ltd. (hereinafter called Employers). The Town of Ramapo (within whieh the Tallman Fire District is located), carried a policy covering benefits under the General Municipal Law and the Workmen’s Compensation Law with Hartford Accident and Indemnity Company (hereinafter called Hartford). The board has held that Employers is solely liable for the medical payments in excess of $500, and has relieved Hartford from liability. Employers contends that there is concurrent coverage, and that such payments should be divided between the two carriers. The real issue is whether the town or the fire district is liable. By amendment subsequent to the time of this accident (L. 1953, ch. 852), and pursuant to the Volunteer Firemen’s Benefit Law (L. 1956, ch. 696), it is made clear that the fire district is now responsible. At the time of this accident, however, the provisions of the General Municipal Law and the Workmen’s Compensation Law were somewhat confusing on this question. However, we think that the provisions of section 10 of the Workmen’s Compensation Law at the time of the accident indicated a legislative intent to render the town liable only in the event the fireman was a member of a “ town fire department ” or was injured outside a “ city, village or fire district”. (See Bauman v. Town of Irondequoit, 204 Misc. 494; affd. 282 App. Div. 916; affd. 307 N. Y. 926.) In the case of Matter of Schraeder v. Mendon Volunteer Fire Co. (278 App. Div. 986), relied upon by appellants, the issue here presented was not raised. Decision affirmed, with costs to respondents filing a brief against appellants.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.